L. Thomas Judd *v.* Charles Challoux.

May Term, 1944.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 3, 1944.

**2**

 

*Harry B. Amey* for the defendant.

*Arthur L. Graves* for the plaintiff.

MOULTON, C. J. This is an action in tort, brought under the provisions of P. L. 4838, to recover the penalty specified therein for wilfully removing a gate from a pent road. The jury found the defendant guilty of ten separate infractions of the statute and assessed him the maximum amount of $5. for each offense. The cause is here upon his exceptions.

The court instructed the jury that the road in question is a pent road, and the correctness of this ruling is the subject of the first exception to be considered. The undisputed evidence showed that the road branches off the main highway between the Towns of Canaan and Norton and extends across the plaintiff's land to the premises of the defendant and for some distance beyond until it comes to an end. The gate in issue is situated at its juncture with the main highway. Both gate and road have been in existence for fifty years. The gate has been kept in repair at the expense of the Town of Canaan, and the road has been worked by it. There is no record of its laying out either by the selectmen or by the County Court, but it was conceded to be a highway by dedication and to have been adopted as such by the town.

 A pent road is deemed to be a public highway. P. L. 4741; *Whitingham* v. *Bowen,* 22 Vt 317, 318; *Wolcott* v. *Whitcomb,* 40 Vt 40, 41; *French* v. *Barre,* 58 Vt 567, 573, 5 A 568. It is not an open highway, but one that may be enclosed by gates, bars or stiles. P. L. 4836; *Bridgman* v. *Hardwick,* 67 Vt 132, 134, 31 A 33. The term "pent", which means "penned, shut up, confined or closed," is used to distinguish such a road from an open highway. *Wolcott* v. *Whitcomb, supra.* In the absence of any designation by the selectmen, under P. L. 4836, of the places where the gates or bars may be erected, the owner of the land across which the road extends may protect his property by putting them up himself where they are reasonably necessary and do not interfere with the reasonable use of the road by others. *Wolcott*

v. *Whitcomb, supra; French* v. *Holt,* 53 Vt 364; *French* v. *Barre, supra; Carpenter* v. *Cook,* 67 Vt 102, 106, 30 A 998. Although a pent road may be laid out and established as a highway by the selectmen of the town, in the manner provided by P. L. 4741 et seq., or by the County Court in accordance with P. L. 4772-4778, (See *Whitingham* v. *Bowen, supra; French* v. *Holt, supra* at p. 368), there is no reason why it cannot be established by dedication and adoption, as an open highway may be, and as is shown to have been done here. The legality of its establishment is not affected by the absence of a record. *French* v. *Holt, supra* at p. 368. Neither does the fact that it comes to a dead end change its character. *Brock* v. *Barnet,* 57 Vt 172, 176-7. There was no error in the instruction complained of, and the exception is without merit.

■ The complaint against the defendant is that on divers occasions he wilfully removed the gate and left it open, thereby exposing the lands and crops of the plaintiff to damage and causing the latter's cattle to escape from pasture. Opening and wilfully leaving open a gate upon a pent road is such an act as is contemplated by the statute and is included in the phrase "wilfully remove any gate." *French* v. *Holt,* 53 Vt 364 at 367.

The field through which the road extended was used by the plaintiff as a pasture for his cattle. There were no fences along the sides of the road. At times the cattle congregated at the closed gate and this custom resulted in mud and dung being deposited in the road. The defendant testified that it was difficult to avoid soiling his shoes when he got out of his automobile to open and close the gate, and that the cattle impeded his passage. He admitted that he left the gate open on various occasions, although he had been asked to close it by the plaintiff, to whom he said that he would not shut it unless the law required him to do so. He testified that he left the gate open because he wanted to get rid of it, and "to see what the law was going to do about it." The plaintiff's cattle escaped from the pasture when the gate was left open, and the defendant made no attempt to drive them back. It was conceded that the plaintiff had crops growing in the immediate vicinity.

By an exception to the denial of his motion for a directed verdict, and by an exception to the refusal of the Court to give a requested instruction, the defendant makes the contention that

4

the cattle were allowed by the plaintiff to run at large in the highway without the permission of the selectmen, in contravention of P. L. 8241, and that for this reason there can be no recovery in this action.

But the statute invoked does not apply. The owner of the land may occupy a pent road as part of the field through which it passes, and his occupancy is not to be interfered with by the road to a greater extent than is necessary for its reasonable use as a pent road. The plaintiff was not bound to restrain his cattle from going upon the road. *Carpenter* v. *Cook,* 67 Vt 102, 107, 30 A 998.

The defendant claims that their presence there constituted a nuisance which he had the right personally to abate. But this contention goes upon the assumption, which, as we have seen, is erroneous, that the road is not a pent road. For this reason, if for no other, it does not avail him.

The defendant excepted to the charge in regard to the opening of the gate and leaving it open "because the Court didn't say there that this must be done wilfully in order to recover the penalty." The transcript makes the contrary to appear. The issue was clearly and accurately explained to the jury, and so the exception is unavailing.

After the verdict the plaintiff moved for a certified execution. The court, at the time of entering the judgment, found that the cause of action arose from the wilful and malicious act of the defendant and that he ought to be confined in close jail, as required by P. L. 2195, and granted the motion, to which the defendant excepted.

It appears from the record that the finding was made from a consideration of the testimony taken before the jury, and so the ruling is not to be disturbed if it has any evidentiary support. *Healy, Admr.,* v. *Moore,* 108 Vt 324, 349, 187 A 679. The phrase "wilful and malicious act or neglect" as used in P. L. 2195 means a wrongful act done intentionally without just cause or excuse, and the malice contemplated is involved in the intentional doing of a wrongful act in disregard of what one knows to be his duty to the injury of another. *Jewett* v. *Pudlo,* 106 Vt 249, 255, 172 A 423; *Healy, Admr.,* v. *Moore, supra* at p. 350, 187 A 679. An omission or neglect if wilful and malicious will warrant the

granting of a certified execution. *Healy, Admr.,* v. *Moore, supra,* p. 351, 187 A 679.

The evidence was amply sufficient to justify the conclusion that the defendant's conduct was wrongful and intentional, without just cause or excuse. The circumstances were such as to make it fairly inferable that he had knowledge of the character of the road and of his duty to close the gate after passing through it. *French* v. *Holt,* 53 Vt 364, 369. The injury to the plaintiff consisted in the exposure of his crops to damage, and in the escape of his cattle from the pasture. Error does not appear in the granting of the motion for a certified execution.

Other exceptions were taken but present no questions other than those already considered. *Judgment affirmed.*