## Micalite Sign Corporation v. State Highway Department et al.

[ 236 A.2d 680 ]

October Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 5, 1967

*Whitcomb, Clark & Moeser* for the plaintiff.

*James L. Oakes,* Attorney General, and *Louis P. Peck,* Assistant Attorney General, for the State.

**Barney, J.** *Kelbro, Inc.* v. *Myrick,* 113 Vt. 64, 30 A.2d 527, validated billboard regulation in this state as a proper exercise of the police power. The plaintiff, a corporation engaged in the business of outdoor advertising, asks that its doctrine be reconsidered and the holding of the case now be overruled. We decline. Whatever problems may have arisen in carrying out a program of billboard regulation, nothing has been made to appear here that requires or justifies a retreat from Kelbro. The issues of this litigation will be disposed of in the light of that law.

The plaintiff has been ordered to remove a certain sign located alongside U.S. route 2, and admittedly visible from Interstate 89. The sign is in the town of Middlesex and is on the land under the authority of a lease from the owner. It advertises the Montpelier business of a client of the plaintiff. The space on the sign is let to the client for a monthly rental, it being the obligation of the plaintiff to not only manufacture and erect the sign, but to provide dawn to dusk lighting on it. It is not disputed that in July, 1966, when the sign was first put up, neither the sign nor its location were illegal or improper, and it is acknowledged that it was authorized under a valid and proper permit from the office of the secretary of state. The following year, however, renewal of the permit was refused, and in April, 1967, the highway department notified the plaintiff that the sign must be removed as being in violation of new amendments to the billboard laws, 9 V.S.A. chapter 93.

The plaintiff then brought this action in chancery to enjoin enforcement of the removal order and require the issuance of a permit for the year 1967. The chancellor, after a hearing at which the facts were

agreed, declined to permanently enjoin removal of the sign and refused to order the giving of a new permit. Appeal followed.

█ 12 V.S.A. §2385 requires that the court reduce to writing and sign its findings of fact. This mandate is not diminished by the existence of undisputed or stipulated facts, as we have in this case. There is no question but what this Court, with the presence in the record of an agreed statement of facts, can review a judgment on the basis of those facts, and we will do so here. But it is part of the judicial function below to review the presented facts for propriety and relevance, and weigh their sufficiency to present the issue sought to be adjudicated. Premature and unnecessary appeals, and unsatisfactory resolutions of legal questions, can frequently be avoided, if the adequacy of the facts placed in the record, is examined by the trier. We take his statement of findings as his assurance that he has performed that duty. In this case we have to proceed without that assurance. The obligation of the statute is not fulfilled by the instrument filed below as findings of fact.

9 V.S.A. §3684 was in force prior to, and at, the time the plaintiff entered into the lease and erected the sign:

> The highway department may order the removal or change in location of an advertising sign or display erected or maintained contrary to the provisions of this subchapter.

A 1967 amendment changed "may" to "shall."

█ This statute is merely expressive of rights belonging to the state under the police power, as confirmed in *Kelbro, Inc.* v. *Myrick, supra,* 113 Vt. 64, 70, 30 A.2d 527. The plaintiff's familiarity with its requirements is acknowledged. It was then, and still is, also the law that activities which may properly be controlled under the police power are subject to termination by, and at the will of, the legislature, even though licensed. *Sowma* v. *Parker,* 112 Vt. 241, 247, 22 A.2d 513. As that case further holds, at page 250, 22 A.2d at page 517, such termination is not compensable, since it is an understood general condition under which all such licenses for signs are issued.

█ One who is in the business of using the view from highways for commercial purposes for direct profit, is a user much the same as is a common carrier, and is allowed that use only as a matter of sufferance by the legislature. That agency, under its police powers, may

wholly deny such use on highways where such denial will best promote the general good of the public. *Kelbro, Inc.* v. *Myrick, supra,* 113 Vt. 64, 70, 30 A.2d 527. Therefore, the enactment of No. 77 of the Acts of 1967, which placed this particular sign in a prohibited category relating to visability from Interstate 89, is supportable as an exercise of this police power.

It is stated to be a policy of the outdoor advertising regulatory statutes "to safeguard public travel." 9 V.S.A. §3681. Since distraction and diversion of attention of drivers on high speed highways are matters of concern in connection with the safety of the travelling public, the regulation has reasonable relation to objectives justifying constitutional exercise of the police power. *Anchor Hocking* v. *Barber,* 118 Vt. 206, 213-214, 105 A.2d 271. This also means that the order of removal does not give a right to compensation. *Sowma* v. *Parker, supra,* 112 Vt. 241, 250, 22 A.2d 513.

This would be the end of the matter were it not for one further circumstance. At the time the sign in question was put in place, the following statute, 9 V.S.A. §3683g, subsequently repealed, was in effect:

> Any sign, display, or device lawfully erected after September 1, 1965 which by virtue of the establishment, relocation, or change in status of a highway or for any other reason does not conform to this chapter shall not be required to be removed until the end of the fifth year after it becomes non-conforming.

The effect of this enactment upon the right of the state to exercise its acknowledged power to control billboards becomes the critical question. There can be no doubt that the state, in its sovereign capacity, can order the removal of such signs, even in the face of that statute, by appropriate legislation. But has it changed its relationship as to those who erected lawful signs after 9 V.S.A. §3683g was enacted?

As has been pointed out, those who enter upon a business subject to regulation under the police power, as outdoor advertising is, are understood to do so subject to the possiblity of new restraint or increased prohibition. The fact that the activity may have been licensed is no bar to this possibility. *Sowma* v. *Parker, supra,* 112 Vt. 241, 250, 22 A.2d 513.

But here we have something different. The legislature undertook an express, affirmative commitment to withhold the exercise of this police power for five years. Whether this was warranted or wise is not for this Court to say. But as to those who thereupon, in understandable reliance on 9 V.S.A. §3683g as quoted, erected signs lawful under the then law, the withdrawal of that amnesty without some compensating equivalent, would be capricious, however necessary or justifiable on other grounds.

■■ But the very statute repealing 9 V.S.A. §3683g, sets forth an authorization for compensation, deferred until January 1, 1968, which encompasses this sign. We have determined that removal of a sign by order of the highway department, which was lawfully erected after the effective date of 9 V.S.A. §3683g, March 12, 1966, and before its repeal, April 15, 1967, creates a right to damages because of the withdrawal of the five-year privilege. The newest version of 9 V.S.A. §3687, in subsection (a) (2), provides for compensation for signs lawfully erected after October 22, 1965, and in existence on April 15, 1967, the effective date of this act. The sign involved here fits that classification.

The defendant argues that since compensation is not to be paid until after January 1, 1968, there need be no reimbursement for signs removed before that time. Whatever may be the case as to other advertising devices, the special circumstances of signs erected after the enactment and under the authority of 9 V.S.A. §3683g compel application of compensatory proceedings for removal within the promised term. These may be deferred until January 1, 1968, but they may not be denied. To rightfully remove this sign, the state highway department must subject itself to these statutory procedures for determining the plaintiff's damage. Since this contemplates an independent proceeding, we will leave the plaintiff to its remedy under 9 V.S.A. §§3687 and 3688, and affirm the denial of injunctive relief in this case.

*That portion of the judgment order denying injunctive relief is affirmed; insofar as that order may operate to bar other relief, it is reversed.*