David and Marilyn Perrin, et al. v. Town of Berlin

[415 A.2d 221]

No. 346-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Bristow,
District Judge, Specially Assigned

Opinion Filed April 15, 1980

*Samuel C. FitzPatrick,* Montpelier, for Plaintiffs.

*Robert J. Kurrle,* Montpelier, for Defendant.

**Barney, C.J.** The defendant town conducted proceedings to reduce a public highway to the status of a trail under the authority of 19 V.S.A. §§ 342a & 535. The plaintiffs in turn instituted an action under the authority of 19 V.S.A. § 421 seeking damages. The lower court found that there had been no showing of a legal basis for the award of damages and denied recovery. The matter is now here on appeal from that

judgment affirming the commissioners' report supporting the reduction to trail status of Town Highway #55 and denying compensation. Only the issue of damages is before us.

We find this case entirely governed by *Whitcomb* v. *Town of Springfield*, 123 Vt. 395, 397, 189 A.2d 550, 552 (1963). It holds that, for the purposes of proceedings under 19 V.S.A. § 421, the reduction of a town highway to trail status does not involve the acquisition of property rights from the abutting owners. Therefore, no damages are involved.

Something is made of the reference in *Whitcomb* to the return of property to the abutting owners. So long as no additional easements are being imposed upon the lands of property owners along the highway, the result is the same. 19 V.S.A. § 221 defining damages, and incorporated by reference into 19 V.S.A. § 421, speaks only to "[d]amages resulting from the taking or use of property." Here, there is no such taking.

The plaintiffs, by reference to *Kelbro, Inc.* v. *Myrick*, 113 Vt. 64, 69, 30 A.2d 527, 529 (1943), seek to demonstrate the existence of other rights assertedly revoked by the reduction in status. Access is not such a right, since the trail is still deemed a highway and thereby preserves it. 19 V.S.A. § 292. *Judd* v. *Challoux*, 114 Vt. 1, 39 A.2d 357 (1944).

Under 19 V.S.A. § 293 the town is not liable for the maintenance of a trail. However, the loss of the right to require such maintenance or repair is not a right for which an abutting landowner is entitled to compensation, since it is not a right in the landowner, but is a right held in common by all the citizens and taxpayers of the state. 19 V.S.A. § 1331. The plaintiffs cannot convert this right into an appurtenance of the abutting land subject to condemnation. The trial court correctly ruled on the damage issue.

*Judgment affirmed.*