### City of Vergennes v. State of Vermont, et al.

[473 A.2d 1172]

No. 82-368

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed February 3, 1984

*Karl W. Neuse*, Middlebury, for Plaintiff-Appellee.

*Ezra S. Dike,* Bristol, and *Louis Lisman,* Burlington, for Defendants-Appellants.

**Billings, C.J.** Defendants appeal from an order of the Addison Superior Court allowing discontinuance of water service by the City of Vergennes (City). Defendants, four nonresident domestic and farm users of the "old Vergennes waterline" contend that: (1) 24 V.S.A. § 5143 prohibits the City from discontinuing "service to a ratepayer unless payment of a valid bill or charge is delinquent"; (2) under the 14th amendment of the United States Constitution, the City may not discriminate in its provision of water service between City residents and nonresidents; and (3) alternatively, the defendants are entitled to damages for the discontinuance of their water service as provided for in 24 V.S.A. § 3410.

In 1971 the City entered into an agreement with the Vergennes-Panton Water District (Water District) whereby the Water District agreed to assume responsibility for the provision of water services to the residents of the City, beginning in 1973. See 24 V.S.A. §§ 3341–3342. All nonresident users of the old City system were notified; in 1973 the City ceased charging the nonresident users for their water use, which, at the time of this appeal, continues to be provided to defendants in whole or in part by the old Vergennes waterline. Defendants owe no arrearages to the City for past water service.

In 1979 the City filed a petition for declaratory judgment, which, as amended, sought discontinuance of the Vergennes water system pursuant to 24 V.S.A. §§ 3410–3412. The superior court appointed three commissioners to inquire into the necessity of discontinuing the old Vergennes waterline, and to determine the appropriateness of awarding damages to defendants as a result of the discontinuance. 24 V.S.A. § 3410. After hearing, the commissioners issued their report to the court, wherein they found that the public good and necessity required the discontinuance of the entire system. 24 V.S.A. § 3412. They found that the City's water service to defendants was a matter of municipal discretion rather than duty, that service to defendants was based on an implied contract that the City could properly terminate after reasonable notice, and that the City did in fact provide reasonable notice. Since there was no breach of contract, defendants were not entitled to damages.

The commissioners also reported that if the trial court should find, as a matter of law, that defendants were entitled to damages, the amount awarded should be limited to that necessary to make the defendants whole for loss of their water service. The trial court, accepting the commissioners' report in its entirety, 24 V.S.A. § 3412, ordered the discontinuance of the Vergennes water system, and ruled as a matter of law that the defendants were not entitled to damages.

Defendants contend that under 24 V.S.A. § 5143 the City may not disconnect them because they are not delinquent in their payments to the City for water services. 24 V.S.A. § 5143 provides in pertinent part:

> No utility shall disconnect service to a ratepayer unless payment of a valid bill or charge is delinquent . . . .

Defendants argue that because the statute is plain on its face, the trial court was required to follow the statute according to its terms, and not order the discontinuance. In effect, defendants are suggesting that the City must continue to provide water services in perpetuity as long as they remain current on their accounts.

■ Defendants' reliance on § 5143 is misplaced. This section is part of 24 V.S.A. Chapter 129, Uniform Water and Sewer Disconnect, which protects consumers from arbitrary shutoffs by utility providers. The chapter allows utilities to disconnect service only when the customer is in arrears on his or her service account; under § 5146 of the same chapter, when the customer pays his or her outstanding balance, or reaches some other payback agreement with the utility, "the utility shall within 24 hours restore service . . . ." Clearly the disconnect statute does not apply to a municipality wishing to discontinue its entire water system. To suggest that the City might never be able to discontinue its water service runs counter to 24 V.S.A. § 3410, which expressly addresses the situation of a city that wishes to discontinue the provision of water services outside city limits. The trial court was correct to rely on the procedure outlined in 24 V.S.A. §§ 3410–3412 of Chapter 95 in ruling on the City's petition for discontinuance.

■ Defendants next contend that the City violates the equal protection clause of the 14th amendment by entering

into an agreement with the Water District that provides for continued water services to City residents only. The argument is, at best, confused. The legislature has expressly authorized "two or more towns or other municipal corporations to join together to establish a consolidated water district for the purpose of development or acquiring a supply of water . . . for the purpose of supplying the inhabitants of the district or the member systems within the district with pure water . . . ." 24 V.S.A. § 3341(a). If the defendants were "inhabitants of the district or the member systems within the district," and were being denied water service, their argument might be meritorious. However, the City is free to enter into a contract for the provision of water service to its inhabitants, 24 V.S.A. § 3305, and is not practicing discrimination by withdrawing altogether from the business of providing water services to both its resident and nonresident users alike.

Defendants' final claim is that, if the order discontinuing the City's water service stands, they are entitled to damages. In support of this claim, they refer us to 24 V.S.A. § 3410, which provides for an award of damages under certain circumstances. Section 3410 is one of fifteen sections comprising Chapter 95 of 24 V.S.A. addressing the construction, alteration and discontinuance of water mains and sewers both within and without the territorial limits of a municipality. 24 V.S.A. §§ 3401–3415. Section 3402 concerns the construction of sewers, drains, or outlets within municipal limits, and provides for an award of damages when the construction involves an entering upon and taking of land. Sections 3406 and 3407 address the procedure to be followed when a municipal resident is dissatisfied with either the "necessity for the taking of land for such sewer, drain or outlet, or in the award of damages therefor." 24 V.S.A. § 3406. Section 3410 addresses the procedure to be followed when a town and interested nonresidents cannot reach agreement on the question of the public necessity for the extension, alteration, or discontinuance of water mains and sewers "into a town outside the limits of a city or village . . . or [the question of] damages." Section 3410 also provides that

the parties . . . may apply by petition to the superior court . . . where the highways or lands lie which will be occupied

or affected by such laying out, alteration or discontinu-. ance, for the appointment of commissioners to inquire into the necessity of such laying out, alteration or discontinuance, and of taking or occupying highways or other lands, and as to the damages which will be sustained thereby.

The provisions for damages in 24 V.S.A. Chapter 95 are specifically appended to the provisions concerning the entry upon or taking of land or highways for the laying out, alteration or discontinuance of water mains. Therefore, the defendants must show an entry upon or a taking of their land. The evidence before the commissioners indicated that there was to be no entrance upon or taking of land; rather, the City was simply going to "shut off the system at its source" leaving the apparatus of the system in place. See *Perrin* v. *Town of Berlin*, 138 Vt. 306, 307, 415 A.2d 221, 222 (1980) (damages not involved since "no additional easements are being imposed upon the lands of property owners . . . ."). Under these circumstances, defendants are not entitled to damages under the provisions of 24 V.S.A. § 3410.*

*Affirmed.*

---

* Defendants Godard submitted into evidence a written agreement between the City and their predecessors in title concerning the furnishing of water and rates to be charged therefor. However, the agreement specifically allows the City to discontinue when there is "cause, rendering it impracticable to continue the service."