## No. 66

### HALLEN v. WELSCH et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1455. Decided Nov. 5, 1926

480. EVIDENCE—In an action to recover against an executor for services rendered deceased upon an oral contract, the executor and one who is a devisee and heir at law are not adverse parties and their testimony is not incompetent under 11495 GC.

297. CONTRACTS—Where in an action for reasonable value of services against an administrator based on an oral contract, same is not within the statute of frauds, due to the fact that real estate is part of deceased's estate, the contract is introduced to show that the services were not gratuitous and based on family relationship.

Margaret Hallen presented her claim for services in the amount of $9540 against the estate of her step-father William Welsch. Marie A. Welsch, the mother of Margaret Hallen and the widow of decedent, was the executrix of the estate. The executrix allowed the claim, but upon demand and by giving bond by Harry S. Welsch, heir at law and devisee of the decedent, the claim was rejected.

Margaret Hallen then brought her action in the Franklin Common Pleas against Marie Welsch executrix and Harry Welsch, claiming reasonable compensation for work and labor performed over a period of fifteen years. The claim was based on an oral contract whereby the decedent promised if she would work for him, he would leave her ⅓ of his estate.

On the trial of the case, Hallen called upon Harry Welsch and Marie Welsch to testify and the trial judge excluded them on the ground that they were interested parties and therefore could not testify against the interest of the estate. The trial resulted in a verdict for the executrix and error is prosecuted to the Court of Appeals to reverse this judgment, the court holding:

1. Sec. 11495 GC. provides:—"A party shall not testify when the adverse party . . . . is an executor . . . . or claims or defends . . . . as legatee of a deceased person," it being clear that such party or parties so rendered incompetent must be adverse to the executor or administrator and we are of the opinion that Margaret Hallen was the only person rendered so by the statute.

2. "Interest in the controversy is of itself no longer regarded as a sure ground of presumption that a party or witness will testify falsely or give testimony colored or biased in favor of such interest. Under the present system of practice, equality of the parties to the suit is the object to be subserved rather than the weighing in delicate scales, the degree of interest the witness may have, leaving that to be considered as affecting his credibility." 78 OS. 331; 102 OS. 18.

3. An administrator is competent to testify in his own behalf, 21 OS. 858, and is competent to be cross examined by the adverse party and the trial court erred in excluding her.

4. Harry Welsch was in no way made incompetent as a witness as he was not an adverse claimant even if there were some words between him and the executrix as to the allowance of the claim.

5. It is further claimed that this action based upon an oral contract would be within the statute of frauds as part of the deceased's property was real estate.

6. If the action had been brought to recover land and money under such a contract such would be the case, but the action was for services and the contract used only to rebut the gratuity of the services, and therefore not within the statute. 1 OS. 66.

Judgment reversed.

(Ferneding & Kunkle, JJ., concur.)

Attorneys—John W. Wilson for Hallen; John F. Carlisle, Ralph Merchant for Harry Welsch; Johnson, Sharp, Schooler & Toland for Marie Welsch.

---

## No. 67

### EDWARDS v. A. C. GARAGE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7036. Decided Jan. 17, 1927

445. EASEMENTS—Injunction to restrain defendant from using a certain driveway will not be granted where the general public has acquired a definite easement in said driveway.

PER CURIAM.

Lavinnie Edwards sought an injunction against the A. C. Garage Co. to restrain it from using her interest in a strip of land twelve feet wide, as a driveway to the property owned by the Company.

The Company in its answer, alleges that by the provisions of a certain deed made by Edwards' predecessor in title, the right to use this strip of land as a driveway had been granted to the public and it therefore, had the legal right to use it as it had been doing.

The provision in the deed with respect to the strip of land is as follows:—"A passage way of twelve feet - - - - to be used in common as a driveway for the benefit of grantor, grantee, their heirs or assigns, and also to be used as a public alley for the benefit of parties who may use a street in the rear and sides, and to the public generally - - - - etc."

On appeal, the Court of Appeals held:—

1. From a study of the evidence it appears that the driveway was intended not only for the use of adjoining property owners; but instead for the use of the public generally; that for a period exceeding 21 years, the same was in fact used as a driveway by the public generally.

2. If the relief prayed for were to be granted, it would be tantamount to a holding that the public generally is to be barred from its use, both by the express provision of the deed, and by the right of prescription.

3. The public has acquired a definite easement in the driveway, and defendant being but a member of the general public, whatever rights accrue to the general public likewise accrue to the benefit of the defendant; and the relief prayed for will be refused.

Decree accordingly.

(Levine, PJ., and Sullivan, J., concur.)

Attorneys—White, Hammond, Brewer & Curtiss for Edwards; David Perris for Company; all of Cleveland.