**BULEN, Plaintiff-Appellant, v. MOODY et al.,
Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3766.   Decided October 16, 1945.

Allen I. Pretzman, Columbus, for plaintiff-appellant.
Cowan & Adams, Columbus, for Moody and Armentrout.
Harley E. Peters, City Solicitor for the City of Bexley,
Columbus.

MONTGOMERY, J., of the Fifth Appellate District sitting
by designation.

## OPINION

By MILLER, J.

This is an appeal on law and fact from the Common Pleas Court of Franklin County, Ohio. The action is one for the purpose of obtaining a declaration of the rights and other legal relations between the appellant and the appellees.

The City of Bexley, one of the defendants herein, is merely a nominal party and for purposes of the issues in this case is not involved.

The plaintiff, Florence Bulen, on August 19, 1941, purchased lot 9 of Wells' Heirs Subdivision in the City of Bexley. The lot has a frontage on East Main Street and extends in depth in a northerly direction of approximately 450 feet. The lot is 90 feet wide and has a narrow alley running along the west line of appellant's property for the depth of this lot. This alley is 11.79 feet in width and at the rear of the property of the defendant, Anna S. Armentrout, a garage is maintained, the east wall and eaves of which encroach upon this alley. At the time the plaintiff purchased this property there was another alley duly dedicated to the public use and running in an easterly and westerly direction, the western terminus of this alley being on Parkview Avenue, and the eastern terminus of this alley formed an intersection with the north and south alley, paralleling appellant's west line. This east and west alley was a duly dedicated alley in the City of Bexley and had been so from the time the addition had been laid out.

The defendants Moody and Armentrout own all the land on the north and south sides of the vacated portion of this alley. The petition alleges and the testimony discloses that the plaintiff purchased her property at the time this east and west alley was fully dedicated and open to public use, and that the defendants Moody and Armentrout procured a vacation of said east and west alley by petition to the City Council of Bexley, and that the same was closed off and ingress and egress was denied both to the appellant and all other persons.

The plaintiff alleges further and the record discloses that a portion of her lot was zoned for business and that she had used and intended to use the vacated alley. She alleged that a written demand was made upon the defendants Moody and Armentrout to keep open and unobstructed the vacated alley, which request was refused. The plaintiff claims also that the denial of the easement for ingress and egress has caused and will continue to cause injury to her property rights.

The pertinent parts of the defendant's answer denied that the appellant was an abutting property owner on the alley so

vacated and also put in issue the right of the plaintiff to ingress and egress over said property.

The plaintiff-appellant is making two contentions: the first is that the appellant is an abutting property owner, and secondly, that even though the appellant may not be regarded as an abutting property owner, that she has a right to have this alley maintained since it forms the only practical ingress and egress to the rear part of her lot, unless a portion of her property be devoted to such ingress and egress from Main Street.

As to the first proposition submitted it is our conclusion that the plaintiff-appellant is not an abutting property owner on the vacated part of the east and west alley involved herein. The ordinance vacated the east and west alley up to the west line of the north and south alley. There is no physical connection between the plaintiff's property and the portion of the alley vacated; thus the plaintiff's property does not abut upon the vacated portion of the east and west alley. "Abutting" is a word of common usage. The lexicographers define it to mean "to end"; "to border on"; "to touch". "Abutting" means any property that abuts or adjoins.

No notice to the plaintiff of the vacation of said part of the alley was necessary. **Sec. 3727 GC** provides:

"Notice of intention of council to vacate any street, alley, avenue or part thereof, shall in all cases, be given as provided in the next section, except when there is filed with council written consent to such vacation by the owners of the property abutting the part of the street or alley proposed to be vacated, in which case such notice shall not be required."

The petition of the plaintiff and agreed statement of facts, together with exhibits, show that defendants-appellees were the only property owners who abutted upon the vacated part of the alley on the north and on the south. At the eastern end of this vacated alley the north and south alley running parallel to the plaintiff's property prevented the vacated alley from abutting on the plaintiff's property. Thus under the above statute no notice to the plaintiff was necessary.

The plaintiff in order to maintain its contention has cited **Cohen v Cleveland, 43 Oh St 190.** The facts in this case, we find, are in no way similar to the case at bar. The facts in this case disclose that a viaduct, sixty-four feet wide, with a level roadway, was constructed in Cleveland Avenue across the Cuyahoga River. On the south side of Superior Street, between Water Street and the river, a distance of 768 feet, the city condemned a strip of ground, and the viaduct was constructed

over that strip and over a part of Superior Street, about 37 feet being over the strip opposite Cohen's premises, and the balance over the street, so that in effect Superior Street, which was ninety-three feet wide, is reduced in width between Water Street and the river, and opposite Cohen's premises its present width is sixty-six feet. The elevation of the roadway of the viaduct above Superior Street gradually increases from Water Street to the river, and opposite the premises of Cohen, which are on the north side of Superior Street, midway between Water Street and the river, the elevation is forty-five feet, and it is alleged that the viaduct diverts travel from that part of Superior Street, impairs the light and air to Cohen's premises, causes noise, and has impaired the value of his property. The pertinent question was whether or not Cohen's property abutted upon the proposed improvement, and the Court held that Cohen was not the owner of a lot "bounding or abutting upon the proposed improvement", within the meaning of the municipal code, and hence it was not necessary for him to file a claim for damages under that section.

The plaintiff relies further upon the case of **Messinger v City of Cincinnati, 36 Oh Ap 337.** The facts here disclose that Teakwood Avenue ran in an easterly and westerly direction and the street had its eastern terminus at the corporation line of the city. Plaintiff's property adjoins the east end of the street and the west line of plaintiff's property was at the corporation line. The two property owners on the north and south side of Teakwood Avenue gave their written consent to the vacation of fifteen feet off the east end of Teakwood Avenue. Council passed a vacation ordinance without notice to the plaintiffs on the ground that the plaintiffs were not abutting owners. The Court found, "We think the weight of authority and the better reasoning is that property abutting the end of a street sought to be vacated is abutting property, requiring publication where the consent of the owner is not filed". In this case, however, the end of the vacated street touched the lot line of the plaintiff's property. There was no alley intervening as in the case at bar, which we think distinguishes these two cases.

Coming now to the second proposition, the plaintiff contends that the closing up of this alley has brought about an injury to her property which is different in kind than the injury which the traveling or general public would suffer by the vacation of such an alley. The obstruction of a vacated alley may be enjoined although the owner of the property in question may have access thereto over the street upon which it fronts; Oliver Schlemler Co. v Furniture Co., 7 O. C. C. N. S., 468, but a property owner on a street or alley, a portion

of which other than the part on which he abuts is vacated, has no right to enjoin the obstruction of the vacated portion by the owners to whom it reverted when he has reasonable access to his property by other streets and alleys although the distance he may have to travel in some directions may be greater than before the vacation. To entitle a party to any relief in such cases the inconvenience he suffers must be different in kind from that of the general public and not one in degree.

**Kinnear Mfg. Co. v Beatty, 65 Oh St 264.** We quote the following from paragraph 1 of the syllabus of the Beatty case:

"Where a street or alley is vacated by a city, the vacated portion reverts to the abutting lot owners, subject, however, to such rights as other property owners on the street or alley may have therein, as a necessary means of access to their property."

Again, we quote the following from paragraph 4 of the syllabus of the Beatty case, which refers to §3729 GC: the statute "simply preserves such rights as the lot owner had in the street or alley by existing law. It creates no new rights."

Again, at page 284 of the opinion in the Beatty case the Court says:

"In all the cases in this state, where an owner of land is recognized as having such a property interest in a road or street, as entitles him to an action for damages, or to restrain its obstruction, relate to the cases where there was a direct physical connection between the portion of the street interfered with and the land of the complainant; or the part vacated, furnished the only means of access to his property."

In the case under consideration there was no direct physical connection between the plaintiff's land and the portion of the alley vacated. The evidence showed that there was a driveway from Main Street north along the east side of plaintiff's lot. The plaintiff has access to her lot along the entire ninety feet frontage on Main Street; also, the north and south alley is open and furnishes access to the plaintiff's lot along the entire west side thereof. Thus the plaintiff has access to her lot from three sides, which we deem is a reasonable access, and the trial court found likewise.

One of the contentions of the plaintiff is that this north and south alley, being 11.79 feet in width, is too narrow to be of any practical value. **Sec. 7248-2 GC** fixes the maximum width of vehicles using the highway at eight feet. This being

true, we find that this alley is of sufficient width to accommodate traffic of all kinds.

The trial court has written a lengthy and most able opinion which we think contains a correct statement of all the law and facts involved in this case. Our finding and judgment is the same as in the trial court, to wit: that the plaintiff is a nonabutting property owner on the alley vacated, not entitled to notice of the vacation, and not entitled to a permanent easement affording ingress and egress over said vacated alley to her property for the benefit of herself, and her successors in title; that she has other reasonable means of access to her property and that her damages differ only in degree and not in kind from the general public; that her legal status falls within the category of damnum absque injuria.

HORNBECK, P. J., and MONTGOMERY, J., concur.