MILLER ET AL., APPELLANTS, *v.* THE BERRYHILL NURSERY-CO., APPELLEE.

[Cite as Miller v. Berryhill Nursery Co., 7 Ohio App. 2d 30.]

(No. 623—Decided June 9, 1966.)

Messrs. Frayne, Balzer, Warren, Andreoff & Matthews, for appellants.

Messrs. Cole, Cole & Harmon and Mr. George B. Raup, for appellee.

CRAWFORD, J. This is an appeal on questions of law from a summary judgment entered for defendant holding that it is entitled to construct, maintain and use a certain driveway over lands owned by the plaintiffs in which they had conveyed to the state of Ohio a perpetual easement and right-of-way for public highway and road purposes. Both sides moved for summary judgment. Defendant's motion was sustained, that of plaintiffs overruled.

State Route 4 is a limited-access highway running generally northeast and southwest. It crosses Twitchell Road, a public highway which runs approximately north and south. Plaintiffs' land in question lies in the northwest angle of this intersection, abutting both highways. Defendant owns land on both side of Route 4, a small remnant lying on the northwest side contiguous to plaintiffs' land and immediately east thereof.

After plaintiffs had granted the easement to the state, an appropriation action brought by the state against the defendant was concluded by an agreed entry which provided that defendant "shall have the right to construct, use and maintain a driveway on highway right-of-way from a point" on the northwest line of Route 4 where the plaintiffs' and defendant's properties meet, "to connect with Twitchell Road" at a designated point. It is stipulated in the present case that this driveway as constructed and used by the defendant runs across that portion of the lands of plaintiffs in which they previously granted the easement to the state.

Plaintiffs' petition prays for possession and damages. Defendant's answer admits plaintiffs' legal title, subject to the state's easement, and alleges that the Director of Highways gave defendant permission to construct, use and maintain the driveway, which was and is being done within the land subject to the easement. Plaintiffs replied, denying defendant's allegations and stating plaintiffs' understanding of the easement.

A counterclaim by defendant, answer by the plaintiffs, rais-

ed an additional issue which has been deferred and does not enter into this appeal.

The summary judgment for defendant, appellee herein, was based upon a conclusion of the court that defendant was entitled to construct, maintain and use the driveway in accordance with the terms of the agreement entered into by it and the state of Ohio as evidenced by the journal entry in the case appropriating defendant's land (the file of which case is in evidence as part of the bill of exceptions in this).

Defendant contends that it is also entitled to do so as an abutting owner, inasmuch as its land abuts that of plaintiffs in which the state holds the highway easement.

Plaintiffs contend that this is, in fact, a private drive for the individual use of the defendant and constitutes an added burden upon their land over and above the easement for public highway and road purposes, which they had granted to the state; and that, inasmuch as defendant's land did not abut Twitchell Road before the granting of the easement, it does not do so now by virtue of the easement.

As to this latter question, it is our opinion that the land over which the easement was given by plaintiffs to the state thereby became part of a public highway; that, inasmuch as it is a public highway, the defendant is an abutting owner regardless of the time when or the manner in which the adjacent lands were or became public highway; and that it is entitled to construct an appropriate access to the traveled portion of the public highway so long as it does not interfere with the public use thereof.

The term "road" or "highway" includes approaches on or to such road or highway. Section 5501.01, Revised Code.

"The term 'highway' is the generic term for all kinds of public ways. * * *

"A 'highway' has been defined as a road or way open to the public at large, for the purpose of travel or the transportation of persons or property, without distinction, discrimination, or restriction, except such as is incident to such reasonable regulations as may be promulgated by the public authority in the interest of the general public. It is the right of travel by all the world, and not the exercise of the right, which constitutes

a way a public highway, and the actual amount of travel upon it is not material. The character of a 'public way' must be determined from its origin, the intention and plans of the governing authority, and the use to which it has been put. The fact that a road, established by public authority, is to be constructed or maintained at the cost and expense of private individuals does not affect its character as a public road, so long as the right to use the same is open to the general public.'' 27 Ohio Jurisprudence 2d 15, Highways and Streets, Section 2.

Inasmuch as the highway easement in this case extends over the plaintiffs' land from the traveled portion of Twitchell Road to the property line between plaintiffs and defendant, the defendant's land abuts the highway.

'' 'Abutting' is a word of common usage. The lexicographers define it to mean 'to end'; 'to border on'; 'to touch.' '' *Bulen* v. *Moody* (1945), 77 Ohio App. 61, at p. 64.

Frequently the abutting owner holds the fee to the center of the highway. But it is not his ownership of part of the traveled area which makes him an abutting owner; it is the land which abuts the highway, that is, the public easement, which makes one an abuting owner.

''The right of access to and from a public highway is one of the incidents of the ownership or occupancy of land abutting thereon. Such right is appurtenant to the land, and exists when the fee title to the way is in the public as well as when it is in private ownership. * * *'' 25 American Jurisprudence 448, Highways, Section 154.

The rights of an owner abutting a highway are well defined.

''. * * * The abutting owner has every right to all uses of the land not inconsistent with such right of improvement and travel, or with the rights of access thereto of other abutting owners.'' 27 Ohio Jurisprudence 2d 207, Highways and Sreets, Section 165.

''It is the rule, as stated in Corpus Juris, which has been frequently quoted and cited with approval, that an abutting owner has two distinct kinds of rights in a highway, a public right which he enjoys in common with all other citizens, and certain private rights which arise from his ownership of pro-

perty contiguous to the highway, and which are not common to the public generally; and this regardless of whether or not the fee of the highway is in him. * * *

"These rights include certain easements, or appurtenant easements, such as the rights of access * * *.

" * * *

"If necessary, to enable him to reach the traveled part of the road, he has the right to bridge a ditch or construct a grade for that purpose * * *." 39 Corpus Juris Secundum 1079 ff., Highways, Section 141.

"An owner of property abutting on a public highway has the right to use such highway in common with the other members of the public, and also the right of ingress and egress to and from his property." *New Way Family Laundry, Inc.*, v. *City of Toledo* (1960), 171 Ohio St. 242, first paragraph of the syllabus.

To the same effect is the case of *State, ex rel, Merritt,* v. *Linzell, Dir.* (1955), 163 Ohio St. 97.

"1. The right of access to a street is a proprietary right attached to the estate in or ownership of abutting property, and the owner thereof may construct a driveway from his property for a necessary outlet into the street provided he does not unreasonably interfere with the public use thereof." *Northern Boiler Co.* v. *David* (1952), 157 Ohio St. 564.

The case of *Edwards* v. *A. C. Garage Co.* (1927), 5 Ohio Law Abs. 53, although the report is apparently abbreviated and the statement of facts meager, contains language which appears pertinent.

In addition to defendant's rights as an abutting owner, its rights in the driveway rest firmly upon a valid grant of permission by the state. The Director of Highways acted within his statutory powers in acquiring the easement over all of that portion of plaintiffs' land in question and in granting to the defendant permission to use it in the manner specified and followed.

Some of the director's broad powers in these matters are effectively set forth in the opinion of the Court of Common Pleas as follows (with that court's emphasis):

"Section 5501.11, R. C., as in effect on the date of plain-

tiffs' conveyance to the state of Ohio, deals with the 'Duties and Powers of Director.' Some of the language to be found in that section is as follows:

" 'The director of highways shall have general supervision of all roads comprising the state highway system. He may * * * relocate * * * any road or highway on the state highway system and preserve any road or highway on the state highway system and * * * where an established road has been relocated, establish, construct, and maintain such connecting roads between the old and new location as will provide reasonable access thereto.

" 'The director *may purchase* or appropriate property necessary * * * for * * * any other highway improvement, and *may purchase* or appropriate, for such length of time as is necessary and desirable, *such additional property* as is *required* for the construction and maintenance of * * * *detour roads* * * * incident to any highway improvement which he is or may be authorized to locate or construct. Title to property purchased or appropriated by the director for other than temporary purposes shall be taken in the name of the state by an easement deed, in accordance with forms to be prescribed by the attorney general.'

"The nature and extent of the authority granted under this section may be gleaned in part from the following:

" 'Section 1178-2, General Code (now 5501.11 R. C.), and related sections, clothe the Director of Highways, in the exercise of a sound discretion, with *authority to employ and use land over which the State owns an easement, in any manner as will, in the judgment of such director, better provide facility of travel and efficient enjoyment of the highway system.' (Kubin v. Reineck, 93 O. A. 320, syllabus 2.)

"Section 5511.02 R. C. deals specifically with 'limited access highways' and 'freeways.' The *third* paragraph of said section is as follows:

" 'As an adjunct of any ''limited access highway'' or ''freeway'' the director, board, or municipal authority *may lay out and construct highways and drives,* to be designated as service highways, *to provide access from areas adjacent to a limited access highway or freeway.'

"*Of special significance is section 5515.01 R. C.,* which deals with '*permits granted to use or occupy portion of road or highway.*' The first paragraph of said section is as follows:

" 'The director of highways may upon formal application being made to him, *grant a permit to any individual,* firm, or corporation *to use or occupy such portion of a road or highway on the state highway system as will not incommode the traveling public.* Such permits, when granted, shall be upon the following conditions * * *,'

"An examination of the agreement with the defendant in case No. 53335 shows it to contain conditions upon the use by defendant of the driveway which are consistent with the conditions enumerated in the section following the first paragraph of 5515.01 R. C. above quoted. There is no claim that the defendant's use of the driveway 'incommodes the traveling public' as above noted. This section, therefore, seems to provide clear authority for the driveway agreement under consideration and in dispute.

"Thus, a consideration of Chapter 5501 of the Revised Code of Ohio and of the statutes just cited clearly establishes the right of the Director of Highways to purchase the easement from the plaintiffs for public highway and road purposes and thereafter to enter into the driveway agreement with the defendant."

In the exercise of his statutory powers the highway director acquired from the defendant not only certain of its land but also an easement for a limited-access highway along State Route 4, which defendant's land also abutted and still abuts; in part consideration for defendant's relinquishing its pre-existing right of access to State Route 4, the director granted it permission to construct, use and maintain the driveway over the land of the plaintiffs here in question in accordance with the easement which it had already acquired over it. Had the director not granted such permission, he would have been compelled to compensate defendant for the remnant of its land which would have been deprived of direct access either to State Route 4 or to Twitchell Road.

Plaintiffs have raised some question about the description of the location of the driveway as contained in the entry in the other case (that appropriating defendant's land) granting the

permission to the defendant. The beginning point is located as indicated above. The terminal point appears to be in some confusion because the station on Twitchell Road referred to as the terminal point is not shown on the plans contained in the bill of exceptions. This is obviously a clerical error. According to the numbering of the stations on Twitchell Road which do appear in the plans, the station designated as the terminal point of the driveway would be far to the south, completely outside plaintiffs' land, and the driveway would not cross that land at all.

It was stipulated that the property involved in this case is property owned by the plaintiffs through which the perpetual easement for highway and road purposes was granted by them to the state of Ohio and that the right to a driveway claimed by the defendant is within the area covered by this conveyance from plaintiffs to the state of Ohio.

Both parties filed motions for summary judgment. Hence, the plaintiffs as well as defendant contend that there is no genuine issue as to any material fact. An obvious clerical error will not now operate to inject an irrelevant issue of fact.

We believe the Court of Common Pleas reached the correct conclusion that defendant is entitled to construct, maintain and use the driveway by reason of the permission properly given by the state of Ohio within the terms of its easement; and that defendant is also so entitled by reason of being an abutting owner, its land abutting this perpetual easement for public highway and road purposes granted by plaintiffs to the state of Ohio.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

Sherer, P. J., and Kerns, J., concur.