OPINION
Plaintiff-appellant, Betty Ann Gurr, appeals a decision by the Butler County Court of Common Pleas finding that defendants-appellees, Robert Broshear, Jeffery L. Brashear, Dawn Brashear, Nicholas J. Conner, and Michelle Conner, meet the property frontage requirements for three of their four properties. Appellees filed a cross-appeal of the court's finding that one of the four properties does not meet the county's frontage requirements. We affirm.
Appellant and appellees own adjoining parcels of land. Somerville Road runs between the parties' properties. For the most part, the paved portion of the road runs within appellant's property lines. Somerville Road was built by the county during the nineteenth century and no clear record exists delineating the extent of the county's easement.
Frances Hoffman, the previous owner of appellees' property, sought to divide her property into four parcels. Butler County zoning regulations require a parcel of property to have two-hundred feet of frontage to a highway. Hoffman applied for a variance from the Butler County Board of Zoning Appeals for a reduction of the road frontage requirements to allow her land to be divided as requested. The board denied Hoffman's variance request.
Hoffman then sold the property to appellees and a new survey and plat of the property were recorded with the Butler County Record of Land Surveys. In the new survey, the property was divided into four parcels with each parcel fronting Somerville Road. Appellant filed a declaratory judgment action against appellees on March 3, 1995. Appellant sought a determination of the parties' boundary lines in relation to Somerville Road. Appellant argued that appellees' property as divided did not comply with the frontage requirements of Butler County.
The parties dispute the amount of road frontage of appellees' four properties. Appellant claims that appellees' property frontage to Somerville Road should be determined according to the amount of appellees' property that abuts the easement of the road and that the easement extends fifteen feet from the center line of the road. Appellees argue that the road easement extends twenty-five feet from the center of the road.
Arthur C. Balph, a civil engineer and surveyor, testified that the easement extends twenty-five feet from the center line of the road. Balph based his computation on county road records which showed that the narrowest easement on Somerville Road was twenty-five feet. Balph also testified concerning the amounts of frontage appellees have in relation to the road. The trial court relied upon the testimony of Balph in its determination of the frontage for the four properties. The court found that three of the four plots met the two hundred foot frontage requirements of the existing zoning ordinance. The fourth property, ("Tract II") did not have the required frontage.
Appellant presents three arguments that we construe as assignments of error. Appellees' also have a cross-appeal and argue one assignment of error.
Appellant's Assignment of Error No. 1:
 THE WIDTH OF THE COUNTY RIGHT OF WAY IS A TOTAL OF THIRTY FEET, FIFTEEN FEET TO EACH SIDE OF THE CENTER LINE OF SOMERVILLE ROAD.
Appellant bases her argument on the authority of an opinion of the Ohio Attorney General which states that thirty feet is the minimum width of the right of way for county roads. 1994 Ohio Atty.Gen.Ops. No. 94-032, at 4. Appellant also cites R.C.5553.03(A) which states that after September 9, 1915, all county public roads "shall be of such width, not less than thirty feet * * *."
Opinions released by the Ohio Attorney General are not binding authority, but are considered persuasive authority. State ex rel. North Olmsted Fire Fighters Assn. v. North Olmsted (1992),64 Ohio St.3d 530, 533. The Ohio Attorney General opinion and R.C.5553.03 state only the minimum widths of county roads, not the maximum widths. If there is no specific delineation of the easement in the instrument, or if the delineation is ambiguous, then a court may fashion a reasonable interpretation of the easement. Murray v. Lyon (1994), 95 Ohio App.3d 215, 219. The trial court's interpretation of the easement will be reviewed de novo, but any factual findings regarding reasonableness will be upheld if the reviewing court can discover competent, credible evidence that supports the trial court's decision. Id.
In the present case, because there is no specific delineation of the Somerville Road easement, the trial court can reasonably interpret the width of the easement. The trial court relied upon the testimony of Balph, who testified that the easement extended twenty-five feet from the center line of Somerville Road. We find that this was credible, competent evidence that supports the trial court's decision. Appellant's first assignment of error is overruled.
Appellant's Assignment of Error No. 2:
 APPELLEES' PROPERTY DOES NOT "ABUT" THE ROADWAY AND NONE OF THE PARCELS HAVE SUFFICIENT ROAD FRONTAGE FOR INGRESS AND EGRESS PURPOSES.
Appellant's Assignment of Error No. 3:
 APPELLANT IS THE FEE TITLE HOLDER TO THE ROADWAY AND MOST IF NOT ALL OF THE RIGHT-OF-WAY EASEMENT AND APPELLEES CANNOT ATTACH AN INGRESS/EGRESS EASEMENT ON AN EXISTING EASEMENT.
Appellees' Cross-Assignment of Error:
 THE TRIAL COURT ERRED IN DETERMINING THAT TRACT II DOES NOT HAVE THE REQUIRED 200 FOOT FRONTAGE TO THE COUNTY RIGHT OF WAY.
Appellant argues that appellees should not be allowed ingress/ egress rights to any of the lands owned by appellant, including those within the Somerville Road easement. Appellees contend that all of their properties have ingress/egress rights to Somerville Road. An abutting owner to a highway is one whose land abuts the public easement of the highway. Miller v. Berryhill Nursery Co. (1966), 7 Ohio App.2d 30, 33. "One of the elemental rights growing out of the ownership of a parcel of real property is the right to access abutting public roadways." State ex rel. OTR v. City of Columbus (1996), 76 Ohio St.3d 203, 207. Thus, if a person's property abuts the public easement of a highway, that person has a right of access to that highway.
In the present case, the court first determined the area of the public easement of Somerville Road and then calculated how much of appellees' property abuts that easement. The court determined the amount of appellees' property that abuts the road by measuring the amount of appellees' property that abuts the public easement. The court properly concluded that appellees have a right of access to the highway even though appellant's property is part of the public easement.
Even though each of appellees' four properties abut the public easement, appellees must also comply with the Butler County zoning ordinance that requires two-hundred feet of frontage. The court found that Tract II did not comply with the county zoning ordinance because it only had 186.08 feet of frontage. Appellees argue that the court erred in its finding because there was no evidence to support its finding.
An appellate court should not substitute its judgment for that of a trial court when competent and credible evidence exists supporting the findings of fact by the trial court. Sheldon v. Flinn (1993), 89 Ohio App.3d 490, 494, following Seasons Coal Co. v. Cleveland (1984), 10 Ohio St. 77, 80. In the present case, the trial court had the surveys prepared by Balph as evidence of the properties' frontage on Somerville Road. The surveys showed that Tract II abutted Somerville Road in three locations for about 54.48, 87.77, and 44 feet, respectively.
The trial court found that these figures show that Tract II abuts Somerville Road for approximately one hundred eighty-six feet, fourteen feet short of the county's frontage requirement. Having reviewed the surveys, we find that the trial court had competent, credible evidence to support its finding of fact. Appellant's second and third assignments of error, and appellees' assignment of error are accordingly overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.