# Okemo Mountain, Inc., Vermont Department of Forests, Parks and Recreation v. Town of Ludlow, John Lysobey, et al.

[762 A.2d 1219]

No. 98-498

Present: **Dooley and Morse, JJ., and Allen, C.J. (Ret.) and Gibson, J. (Ret.), Specially Assigned**

Opinion Filed July 14, 2000

Motions for Reargument Denied September 6, 2000

202

*John Lysobey*, Pro Se, Ludlow, Appellant.

*Richard H. Coutant* of *Salmon & Nostrand*, Bellows Falls, for Appellee Okemo Mountain, Inc.

*William H. Sorrell*, Attorney General, Montpelier, and *Ginny M. McGrath*, Special Assistant Attorney General, Waterbury, for Appellee Department of Forests, Parks and Recreation.

**Dooley, J.** Property owner John Lysobey[1] appeals from a superior court decision, claiming that the court erred in holding that he does not have a right to use Okemo Mountain Road in the winter, although the road provides the only access to his property. On appeal, he claims that he has an easement over Okemo Mountain Road either by explicit reservation in a 1935 deed or by necessity. He also contends that he has a common-law right to access his abutting property via this public road, and that by denying him access to his property, the State violates his constitutional rights by depriving him of the essential attributes of property ownership without just compensation. We hold that Lysobey has a common-law right to access his property, and that closing Okemo Mountain Road for the winter violates this property right. We deny him an injunction to open the road to his use during the winter, but we hold that he is entitled to just compensation for the taking of his property right and remand for the court to determine the amount.

This is the second appeal in this case. We briefly outline the facts, which are more fully detailed in our previous decision, *Okemo Mtn., Inc. v. Town of Ludlow*, 164 Vt. 447, 671 A.2d 1263 (1995). In 1986,

---

[1] Some of the documents filed in the trial court were filed in the names of four Lysobeys, but all documents before the trial court and before this Court are signed only by John Lysobey pro se. Thus, we consider the appeal to be brought by John Lysobey alone.

Lysobey purchased thirty-four acres on Okemo Mountain in Ludlow, Vermont. Access to the property is via Okemo Mountain Road, which passes through land owned by Okemo Mountain, Inc., and through Okemo State Forest before reaching Lysobey's property. In 1956, Okemo Mountain, Inc. began operating a ski area on Okemo Mountain. Access to the base lodge of the ski area is via Okemo Mountain Road. In 1963, the Department of Forests, Parks and Recreation leased the upper section of Okemo Mountain Road, above the base lodge, to Okemo Mountain, Inc., which has since used this part of the road as a ski trail during the winter. Because the road is closed to vehicular traffic during the winter, Lysobey cannot access his property at that time.

In 1988, Lysobey applied to the Town for a permit to build a residence on his land, which the zoning administrator granted. Okemo Mountain, Inc. appealed, claiming that Lysobey had no frontage on a public road, nor any permanent easement to a public road, required under the Ludlow zoning regulations to develop land. The zoning board affirmed the zoning administrator, concluding that Lysobey has a right-of-way over Okemo Mountain Road that provides access to a public road. Okemo Mountain, Inc. and the Department appealed to superior court. Lysobey intervened and filed a cross-complaint for a declaration of the rights of the parties to use Okemo Mountain Road and for an injunction to prevent Okemo Mountain, Inc. and the Department from interfering with his use of the road. On summary judgment, the superior court concluded that, even if there had been a year-round easement appurtenant to Lysobey's property, it was extinguished by adverse possession fifteen years after the road was first used as a ski trail, and thus, that Lysobey has no frontage on or access to a public road. Consequently, the court denied the building permit. Lysobey appealed to this Court.

In our first decision, *Okemo Mountain, Inc.*, we reversed the grant of summary judgment, and held that Okemo Mountain, Inc. and the Department had not established extinguishment of an easement by adverse possession. The evidence indicated that until this action, the owners of the Lysobey land did not use the easement in the winter; thus, the use of the easement as a ski trail had been compatible with that of the owner of the easement, not adverse. See *Okemo Mtn., Inc.*, 164 Vt. at 453, 671 A.2d at 1268. We remanded the matter for a trial on two issues.

The first issue was whether Lysobey held an easement appurtenant to his land. In support of this claim, Lysobey relied on a 1935

right-of-way deed from Herbert E. Walker, his predecessor-in-title, to the State, which purported to reserve to Walker an easement over Okemo Mountain Road. At that time, the State had been planning to build Okemo Mountain Road and was acquiring rights-of-way across privately owned land to do so. Thus, Walker, one of the landowners, conveyed to the State exclusive use and control of a four-rod-wide strip of land across his land, conforming to the proposed Okemo Mountain Road surveyed and marked on the land. In the same deed, Walker reserved the right to pass over the strip of land and any other like strips of land lower on the mountain and the road to be constructed thereon. Because a grantor may reserve only rights held by the grantor at the time of the conveyance, we remanded for the court to determine "whether an easement appurtenant to the Walker lands existed at the time Walker attempted to reserve the easement in the 1935 deed." *Id.* at 452, 671 A.2d at 1268. If there was no easement prior to the deed, the reservation was a mere nullity. See *id.*[2]

The second issue was whether Okemo Mountain Road is a public road under 24 V.S.A. § 4406(2) and the Ludlow town ordinance, which require access to a public road in order to develop land. We reversed the summary judgment holding that Okemo Mountain Road is not a public road, and we remanded for the court to determine whether it had been dedicated as a public road, an issue dependent on the intent of the grantors and other landowners who granted the easements to the State and the intent of the State when it accepted the deeds. See *id.* at 455, 671 A.2d at 1269-70.

Following the trial on remand, the court found that the trail that existed to the top of Okemo Mountain prior to 1935 did not go through or near the Walker lands. Okemo Mountain Road was designed to be longer and less steep than the earlier trail, and the new road passed by and through the Walker lands. The court concluded that there was no easement appurtenant to the Walker lands in 1935 when Walker attempted to reserve the right to pass over Okemo Mountain Road in his deed to the State. Because Walker could not reserve what he did

---

[2] In a 1940 deed, Walker quitclaimed to the State of Vermont all right and title to almost all of the land he owned over which Okemo Mountain Road passed. To the extent that Walker reserved the right to pass over this strip of land in the 1935 deed, the right was extinguished by the 1940 quitclaim deed granting all right and title to the State. See *Okemo Mtn., Inc. v. Town of Ludlow*, 164 Vt. 447, 451 n.3, 671 A.2d 1263, 1267 n.3 (1995). Access to the Lysobey land is below this part of the road, so the 1940 deed has no effect on our decision concerning Lysobey's right to access his property via Okemo Mountain Road.

not have, the court concluded that the deed did not reserve any right to pass over Okemo Mountain Road.[3] The court also held that Lysobey had not proved the elements necessary to obtain an easement by necessity.

On the other hand, the court found that the intent of the State in acquiring the right-of-ways over the private land on Okemo Mountain was to construct a road for public use. It thus declared Okemo Mountain Road a public road because it is on public land for the use of the general public. Nonetheless, the court ruled that the Department exercises control over the use of Okemo Mountain Road under the authority granted to it by 10 V.S.A. § 2603. As noted in *Okemo Mountain, Inc.*, 164 Vt. at 449, 671 A.2d at 1266, the Department classifies the road as a State Forest Highway, Class B, a paved or unpaved highway generally open to the public, but that may be closed to public access during certain times of the year. The court found this status consistent with the State's original intent when it acquired the rights-of-way to build the road.

Based on these conclusions, the court: (1) granted Lysobey the zoning and building permits, including a subsequent application to construct a generator house and deck; (2) ruled that the Department had delegated its authority over Okemo Mountain Road to Okemo Mountain, Inc. pursuant to lease agreements; and (3) held that Okemo Mountain, Inc. has the legal right to maintain the upper portion of Okemo Mountain Road as a ski trail, and Lysobey has no right to interfere with such use. Lysobey appeals to this Court again.

## I. Easement

Lysobey first claims that the 1935 Walker deed alone proves the existence of an easement to access his property. As we held in our previous decision, Walker could reserve by deed only rights that he held at the time. See *id.* at 452, 671 A.2d at 1268. On remand, Lysobey had the burden of proving that Walker had an easement to access his land when he executed the reservation of such an easement in the 1935 deed. He failed to do so. The State presented evidence indicating that the old trail did not provide access to the Walker lands, and the

---

[3] The 1935 deed also purported to reserve to Walker the right to pass over Okemo Mountain Road "without cost," as the road was to be a toll road. On remand, the court held that the 1935 Walker deed reserved to Lysobey the right to pass over Okemo Mountain Road without paying any toll. Neither Okemo Mountain, Inc. nor the Department cross-appealed; thus, we do not consider whether this ruling was erroneous.

court found this evidence credible. Accordingly, the court concluded that Walker did not have an easement over Okemo Mountain Road when he attempted to reserve one in the 1935 deed. Because the trial court is in a unique position to assess the credibility of the witnesses and weigh the evidence, we will uphold its findings unless clearly erroneous. See *Kanaan v. Kanaan*, 163 Vt. 402, 405, 659 A.2d 128, 131 (1995). Here, the evidence supported the court's findings; thus, there was no error in concluding that Walker had no easement to access his land at the time he attempted to reserve an easement by the 1935 deed.

■■ Lysobey also claims that the court erred in ruling that he does not have a right-of-way by necessity over Okemo Mountain Road. To obtain a way of necessity, one must show that (1) there was a division of commonly owned land, and (2) the division resulted in creating a landlocked parcel. See *Traders, Inc. v. Bartholomew*, 142 Vt. 486, 492, 459 A.2d 974, 978 (1983). In such circumstances, the owner of the landlocked property is entitled to a way of necessity across the land formerly held in common. Here, the court found that Lysobey had failed to prove that there was a division of commonly owned land over which he was seeking a right-of-way. On appeal, Lysobey points to no evidence showing a common ownership. Accordingly, there was no error in concluding that Lysobey failed to prove an easement by necessity.

■ Lysobey also relies on two opinions of the Attorney General, issued in 1970 and 1987. He contends that they establish that he and the other successors in title to the grantors of the Okemo Mountain Road easement have a right to access their property via the road. The opinions of the Attorney General are, however, merely advisory opinions for the benefit of state officers. See 3 V.S.A. § 159 (Attorney General shall advise state officers on questions of law relating to official duties and shall furnish written opinion when so requested). They have no binding effect in this Court. See, e.g., *Ruiz v. Hull*, 957 P.2d 984, 992 (Ariz. 1998) (opinions of attorney general are advisory and not binding; however, reasoned opinion should be accorded respectful consideration); *City of Bismarck v. Fettig*, 601 N.W.2d 247, 253 (N.D. 1999) (attorney general opinions are not binding, but court will follow them if they are persuasive). The 1970 opinion recognizes a common-law right of access, a claim that Lysobey advanced before the trial court and again here on appeal.

## II. Common-Law Right of Access

Lysobey contends that: (1) he has a common-law right to access his property via Okemo Mountain Road because his property abuts this public road; (2) the right to access abutting public roads is one of the incidents of ownership of real property; (3) he has a right to an injunction to prevent interference with his right of access during the winter months; and (4) by denying him access to his property during the winter months, the State has caused a taking of his private property rights under the state and federal constitutions for which he is entitled to just compensation.

■ Under the common law, property owners have a right to access abutting public roads. See *Sebree v. Board of County Comm'rs*, 840 P.2d 1125, 1129 (Kan. 1992); *State ex rel. OTR v. City of Columbus*, 667 N.E.2d 8, 12 (Ohio 1996); *Moore v. Commissioners Court of McCulloch County*, 239 S.W.2d 119, 121 (Tex. Civ. App. 1951); *Gillmor v. Wright*, 850 P.2d 431, 437-38 (Utah 1993). See generally Annotation, *Power to Directly Regulate or Prohibit Abutter's Access to Street or Highway*, 73 A.L.R.2d 652, 656-57 (1960) (overwhelming weight of authority recognizes right of access to and from public highway as incident of property ownership); Annotation, *Power to Restrict or Interfere with Access of Abutter by Traffic Regulations*, 73 A.L.R.2d 689, 691 (1960) (same). The general rule is that an owner of property abutting a public road has both the right to use the road in common with other members of the public and a private right for the purpose of access. See *Smith v. State Highway Comm'n*, 346 P.2d 259, 266 (Kan. 1959); *City of Columbus*, 667 N.E.2d at 12. Although we have never detailed the specifics of these rights, our decisions have recognized them. See, e.g., *Kelbro, Inc. v. Myrick*, 113 Vt. 64, 68, 30 A.2d 527, 529 (1943); *Skinner v. Buchanan*, 101 Vt. 159, 165, 142 A. 72, 74 (1928).

Under this doctrine, when a public road is opened adjacent to private property, the owner of the abutting property obtains a right to access the public road by operation of law. See *Southern Furniture Co. v. Department of Transp.*, 516 S.E.2d 383, 386 (N.C. Ct. App. 1999), and when a public road is discontinued or abandoned, the abutting landowner retains the private right of access. See *Gillmor*, 850 P.2d at 437-38 (abandonment of public right-of-way has no effect on right of abutting landowner to use way). The right of access has two requirements: (1) the person claiming the right must own land that *abuts* the road, and (2) the road must be a *public* road. See

*Spurling v. Kansas State Park & Resources Auth.*, 636 P.2d 182, 183 (Kan. Ct. App. 1981). Neither element is in dispute in this appeal.

First, Lysobey's property abuts Okemo Mountain Road. "Abut" means "[t]o reach; to touch. . . . No intervening land." Black's Law Dictionary 11 (6th ed. 1990); accord *Sebree*, 840 P.2d at 1130 (holding "abut" means "to touch"); *Miller v. Berryhill Nursery Co.*, 218 N.E.2d 467, 470 (Ohio Ct. App. 1966) ("abutting" means to end, to border on, to touch). To claim an abutting owner's right to access, some courts have required that the owner's land touch the public road at least at one point, while others have required that the property be contiguous to the road, in other words that the owner's land adjoin the public road at more than one point. See *Sebree*, 840 P.2d at 1130. We need not resolve that issue here because Lysobey's land touches Okemo Mountain Road at more than one point. Indeed, two sections of the road pass over land owned by Lysobey.

Second, there is no dispute that Okemo Mountain Road is a public road. The trial court found that Okemo Mountain Road is a public road under 24 V.S.A. § 4406(2) for zoning purposes and a highway under 19 V.S.A. § 1(12) for purposes of state highway law. Indeed, in *Okemo Mountain, Inc.*, we held that the definitions of public road and highway under these two statutes are synonymous. 164 Vt. at 454, 671 A.2d at 1269. Under 19 V.S.A. § 1(12) highways may be established in several ways. Here, the trial court found that Okemo Mountain Road was constructed over lands conveyed to the State for public use, which is one way to establish a public road. See 19 V.S.A. § 1(12) (roads that have been constructed for public travel over land conveyed by deed to and accepted by state). Neither Okemo Mountain, Inc., nor the Department appealed this issue.

While the definition of a public road for purposes of the common-law right to access might be different from the statutory definition, we decline to detail any definitional difference because, in this case, there is no doubt that Okemo Mountain Road is a public road under any definition. The road was built by the State over land it acquired to build a road for public use. It has been maintained by the State since it was built in the 1930s, either by the Highway Department or by Okemo Mountain, Inc. pursuant to its lease with the State. The road has been open to the general public in the summer to access Okemo State Park. Given these facts, we hold that Okemo Mountain Road is a public road under common law. See *Miller*, 218 N.E.2d at 470 (abutter has right to access public highway, which is road or way open to public at large without distinction, discrimination

or restriction, except reasonable regulation in interest of general public); cf. *Bourgon v. Farm Bureau Mut. Ins. Co.*, 128 Vt. 593, 595, 270 A.2d 151, 153 (1970) (frozen surface of Lake Dunmore qualifies as public road, because it is open to general circulation, although temporary).

Because Lysobey owns land which abuts Okemo Mountain Road, a public road, he has a common-law right to access that road. As the Attorney General recognized in his 1970 opinion, the common-law right of access entitles the abutting landowner to "reasonable and convenient access." Op. Vt. Att'y. Gen., No. 310 (Jan. 12, 1970). The landowner must have free and convenient access to his property and to his improvements thereon, and his means of ingress and egress may not be substantially interfered with by the public. See, e.g., *Iowa State Highway Comm'n v. Smith*, 82 N.W.2d 755, 759 (Iowa 1957); *Teachers Ins. & Annuity Ass'n of America v. City of Wichita*, 559 P.2d 347, 353 (Kan. 1977).

What constitutes reasonable and convenient access is a question of fact. See *Smith*, 82 N.W.2d at 760; *Garrett v. City of Topeka*, 916 P.2d 21, 31 (Kan. 1996). In this case, the road is closed for the entire winter. During that time, there is no vehicular access to the Lysobey property whatsoever. Presumably, even foot traffic is barred from the road during the winter, unless a ski pass is purchased from Okemo Mountain, Inc. Closing the road for several months each year is a serious impairment of Lysobey's right of access, which cannot be considered reasonable or convenient. See, e.g., *Ben Lomond, Inc. v. City of Idaho Falls*, 448 P.2d 209, 217 (Idaho 1968) (refusal to issue permit to access public road over planting easement unreasonably restricted right of access); *Smith*, 82 N.W.2d at 759 (limiting access to dwelling to driveway through gas station not "free and convenient"); *Chain Locations of America, Inc. v. Westchester County*, 190 N.Y.S.2d 12, 16 (Sup. Ct.), *aff'd, Chain Locations of America, Inc. v. County of Westchester*, 196 N.Y.S.2d 573 (App. Div. 1959) (erection of barrier which destroyed all access to road was not reasonably necessary to eliminate hazard of left-hand turns onto road because there were other appropriate means of remedying hazard); *City of Columbus*, 667 N.E.2d at 13 (change in grade of public road due to building of overpass bridge substantially impaired landowner's access).

We are not suggesting that Lysobey has a right to require the Department to plow the road for his access by automobile in the winter. Indeed, he requested only that he be allowed to plow it. We

also understand that this road has never been open to automobile traffic during the winter. Nevertheless, the effect of the Department's lease of the road to Okemo Mountain, Inc. is that Lysobey is denied all access in the winter, whether by automobile, snowmobile or on foot. We hold that the Vermont Department of Forests, Parks and Recreation and Okemo Mountain, Inc. have violated Lysobey's right of access by totally closing the road in the winter and turning it into a private ski trail.

## III. Remedy

Having held that Lysobey's common law right of access has been violated by the seasonal closure of Okemo Mountain Road, we are faced with whether he is entitled to a remedy for this violation. The Department and Okemo Mountain, Inc. argue that no remedy is appropriate because the Department can regulate Okemo Mountain Road pursuant to 10 V.S.A. § 2603(c), which authorizes the Department to regulate and restrict access. That section provides:

> The commissioner, subject to the direction and approval of the secretary, shall promulgate and publish regulations in the name of the agency for the use of state forests or park lands, including reasonable fees or charges for the use of the lands, roads, camping sites, buildings and other facilities
> . . . .

10 V.S.A. § 2603(c). In essence, the Department and Okemo Mountain, Inc. argue that the Department's power trumps Lysobey's common law right of access.

We agree that § 2603(c) gives the Department power to regulate use of the road. Our primary objective in construing a statute is to effectuate the intent of the Legislature, and we presume the Legislature intended the plain meaning of the statutory language. See *Okemo Mtn., Inc.*, 164 Vt. at 454, 671 A.2d at 1269. Here, the statute plainly authorizes the Commissioner of the Department to regulate state forests and park lands. The statute specifically authorizes the Commissioner to charge reasonable fees for use of roads in state forests or park lands. This authority to charge fees for use of roads is preceded by "including," which indicates both that the Legislature intended that roads be part of the state "park lands" the Commissioner may regulate and that the Commissioner's authority to regulate roads is not limited to charging fees. Accordingly, we agree with the Department, Okemo Mountain, Inc. and the trial court that

the statute authorizes the Department to regulate the use of Okemo Mountain Road.

■ Our recognition of the right of the Department to regulate use of the road does not, however, mean that Lysobey has no remedy. As we held in *Skinner*, certain of the abutter's rights "constitute property, or property rights, of which an abutter cannot be unlawfully deprived." *Skinner*, 101 Vt. at 165, 142 A. at 74. The decisions are uniform that the abutter's right of access is a property right. See, e.g., *Sebree*, 840 P.2d at 1129; *City of Columbus*, 667 N.E.2d at 12. Therefore, despite the Department's power to regulate the road, it cannot lawfully cut off Lysobey's right of access as it has. Indeed, the Department's prohibition of the use of the road in the winter represents a taking of Lysobey's property right of access without compensation. See *Sebree*, 840 P.2d at 1129; *City of Columbus*, 667 N.E.2d at 12; see generally 10A E. McQuillin, The Law of Municipal Corporations § 30.63 (3d ed. 1999) (owner of land abutting street has right of access, and impairing access may be "taking" under the Constitution).

Although the powers of governments with respect to roads are largely statutory, the Legislature has not specified what remedy is appropriate when a state agency interferes with an abutting land-owner's right of access to a public highway. There are two alternatives: (1) an injunction to require the Department to give Lysobey year-round access to the road, the remedy favored by Lysobey; and (2) damages for the partial taking of Lysobey's access right.

We cannot ignore the consequences of an injunction such as Lysobey seeks. The Okemo Mountain Road is being used as a ski trail by the Okemo Mountain, Inc. ski area. Indeed, the record shows that the ski trail on top of Okemo Mountain Road is a major artery into which many ski trails feed before the trail reaches the lift bottom and the ski lodge. We do not need extensive evidence to know that use of the road as a ski trail is wholly incompatible with use of it for vehicular access or even as a foot trail to Lysobey's land. Thus, an injunction to protect Lysobey's winter access would at least greatly curtail the operation of the ski area and may require it to close.

We also note that this dispute has arisen only recently, even though the original lease to Okemo Mountain, Inc. was given in 1956. Okemo has relied upon that lease in constructing its ski area and facilities, and the record indicates no objection to its development and construction until recently.

■ An injunction is an extraordinary remedy, the right to which must be clear. See *Committee to Save the Bishop's House v. Medical Center Hosp. of Vt.*, 136 Vt. 213, 218, 388 A.2d 827, 830 (1978). Given its significant consequences, an effective injunction in this case would have mandatory features. Even where the right to an injunction is otherwise clear, it may be more appropriate to award damages than to issue a mandatory injunction. See *Swanson v. Bishop Farm, Inc.*, 140 Vt. 606, 610, 443 A.2d 464, 466 (1982), *overruled in part on other grounds, Soucy v. Soucy Motors, Inc.*, 143 Vt. 615, 471 A.2d 224 (1983). To determine whether an injunction is appropriate, the court must weigh the relative hardships on the parties, looking at "'the relative convenience or inconvenience, the relative injury sought to be cured as compared with the hardship of injunctive relief.'" *Fenwick v. City of Burlington*, 167 Vt. 425, 431, 708 A.2d 561, 564 (1997) (quoting *Thompson v. Smith*, 119 Vt. 488, 509, 129 A.2d 638, 651 (1957)).

■ Even if this were an appropriate case for injunctive relief based on the balancing process described above, there is an additional consideration which weighs strongly against injunctive relief in this case. The State, under proper legislative authority, has the power to take private land and interests in land for public purposes, as long as it pays compensation for the taking. See Vermont Const. Ch. I, Art. 2. By giving the Department the authority to control the use of the road, the Legislature has impliedly authorized a taking of Lysobey's access right in situations where the Department is properly exercising its regulatory power. Such a taking gives rise to a right to bring an inverse condemnation action. See *Munson v. City of South Burlington*, 162 Vt. 506, 512, 648 A.2d 867, 871 (1994). At least with respect to the Vermont Agency of Transportation, which controls the bulk of state roads in Vermont, the Legislature has explicitly recognized that its activities may give rise to inverse condemnation actions and has provided that the plaintiff in such an action may recover costs, including attorney, appraisal and engineering fees, in addition to damages. See 19 V.S.A. § 512(b). Other courts have held that the proper remedy for denial of the common law right of access is an action for inverse condemnation. See generally 12 R. Powell & P. Rohan, Powell on Real Property § 79B.06[1] (1999) (substantial interference with abutting property owner's right of access to public roadway supports action for inverse condemnation). Because the Department had the legal power to regulate use of the road as it did, we conclude that Lysobey's remedy, if any, is to recover damages for the inverse condemnation that took part of his access right. Although

Lysobey did not specifically request a damage award, he did argue that the effect of the Department's action was a taking without just compensation. We believe under the circumstances he should be given an opportunity to seek this remedy in the trial court.

If Lysobey does seek damages, we leave to the trial court in the first instance the determination of the amount of damages, if any, that will compensate Lysobey for the taking of his winter access right. We add only that the question of whether there is an alternative year-round access to Lysobey's land is relevant to Lysobey's damages. An abutting landowner may not recover damages because a public road upon which the landowner has access is discontinued if there is another reasonable access. See *Department of Highways v. Yates*, 383 S.W.2d 340, 342 (Ky. 1964) (landowner not entitled to compensation for diminution in market value of land occasioned by restriction of access if remaining access is reasonable one); *Orcutt v. Town of Richmond*, 517 A.2d 1160, 1161 (N.H. 1986) (alternative access must be reasonable when judged with respect to existing use of land; otherwise, landowner is entitled to damages for discontinuance of public road).

*Affirmed in part, reversed in part and remanded for further proceeding consistent with this opinion.*

**Allen, C.J. (Ret.),** specially assigned, dissenting. I cannot agree that the closing of the road during the winter constitutes a "taking." Lysobey's right of access was to a road that had always been lawfully closed during the winter pursuant to 10 V.S.A. § 2603(e). Okemo Mountain Road was a public road only during the summer months, and Lysobey's rights to use the road are no greater than those of the general public. The property right which the majority holds was condemned never existed.