*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-386

MAY TERM, 2015

| | |
|---|---|
| In re Town Highway 26, Town of Underhill } | APPEALED FROM: |
| } | |
| } | Superior Court, Chittenden Unit, |
| } | Civil Division |
| } | |
| } | DOCKET NO. 234-2-10 Cncv |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Petitioners David Demarest, Jeffrey Moulton, and Jonathan Fuller, appeal from the trial court's order dismissing this case as moot in light of a recent decision by this Court in a related action. They argue that the action is not moot. We affirm.

We begin with the procedural history of this case and a related case. In 2013, this Court decided an appeal brought by petitioners David Demarest and Jeffrey Moulton in a related action. See Demarest v. Town of Underhill, 2013 VT 72, 195 Vt. 204. The petitioners in Demarest challenged a 2012 trial court order that upheld the Town of Underhill's decision to reclassify a segment of Town Highway 26 (TH 26) from a Class 3 and Class 4 highway to a legal trail. We affirmed the trial court's decision. As recounted in that case, the petitioners own real property adjacent to TH 26. In 2001, the town selectboard reclassified portions of TH 26 as a legal trail to be used for recreational purposes. The Town complied with all of the statutory procedures for reclassification, except that it failed to formally record the reclassification order in the land records. Id. ¶ 2. After the 2001 reclassification process, the Town stopped maintaining the purportedly reclassified segment of T.H. 26 as a road. Id. The condition of the segment of TH 26 at issue deteriorated significantly as a result. Id. ¶ 3.

In February 2010, interested parties filed suit in superior court seeking an order that required the Town to repair and maintain the disputed segment (the maintenance case). Id. ¶ 4. This is the lawsuit at issue in the instant case. While towns are not responsible for maintaining trails, the petitioners argued that the Town's 2001 reclassification attempt was ineffective, and that the Town thus had an obligation to maintain the road. Id. The Town defended the action but also initiated a new reclassification proceeding in light of the petitioners' challenge. The selectboard approved the reclassification in June 2010, and the petitioners appealed from this order as well.

The petitioners then requested that the trial court stay proceedings in the reclassification case pending resolution of the maintenance case. In the maintenance case, petitioners sought an order requiring the Town to restore the disputed segment to the condition of a road. Because the

court's decision in the maintenance case could lead to restoration of road-level conditions on the segment, thus undercutting the rationale in support of the reclassification, petitioners argued that the court should decide the maintenance case first. Id. ¶ 7. The trial court concluded that the issues presented in the two cases were distinct and denied the petitioners' motion for a stay.

In May 2011, while the appeal of the Town's 2010 reclassification decision was pending, the trial court ruled in the context of the maintenance case that the 2001 reclassification effort was, in fact, ineffective because the Town had failed to record the reclassification order in the town land records. The court then stayed further action on the maintenance case pending resolution of the reclassification appeal. Id. ¶ 8. The trial court subsequently denied the Town's motion for summary judgment in the maintenance case and instructed the County Road Commissioners to prepare a report pursuant to 19 V.S.A. § 973. The Commissioners completed the report in June 2013, and recommended certain repairs to the trail portion of TH 26. The Town appealed that report to the superior court. Id. ¶ 8 n.2.

As indicated above, the trial court subsequently concluded that the Town's 2010 reclassification decision was supported by the evidence, and this Court upheld its decision. In our decision, we rejected the petitioners' argument that the trial court erred in denying their motion for a stay so that they could pursue the maintenance case first. Id. ¶¶ 15-19. We noted that the petitioners had not challenged the Town's maintenance decision until 2010, long after the deterioration in the road due to the lack of maintenance had actually occurred. They now asked the courts to undo the consequences of nearly a decade of unappealed maintenance decisions before considering the Town's reclassification decision. We found no legal requirement that the road be brought back to its 2001 condition before the Town could undertake reclassification. Id. ¶ 18. We also found no evidence that the Town acted arbitrarily in deciding to stop maintaining the road. Id. ¶ 19. "On the facts of this case," we explained, "it was appropriate for the Town to base its 2011 reclassification decision on the conditions then existing." Id. We found that "[t]he court in the maintenance case likewise reasonably stayed that case pending resolution of the reclassification case, recognizing that the reclassification could render the maintenance issue moot." Id.

Following our decision in Demarest, 2013 VT 72, the trial court determined sua sponte that it lacked subject matter jurisdiction over the maintenance action because it was moot. The court found that there was no longer any effective relief that it could grant to petitioners going forward because applicable statutes, i.e., 19 V.S.A. §§ 302(a)(5) and 310(c), expressly provided that towns were not required to expend any funds or make any effort to repair or maintain any public road classified as a trail. The court dismissed the maintenance case as moot in April 2014.

Petitioners moved for reconsideration, and the court denied their request. Petitioners raised three arguments why the court erred in dismissing the case as moot, and also argued that dismissal of their case would violate their fundamental right to access the Vermont courts under Article 4, Chapter 1, of the Vermont Constitution. Petitioners first argued that while the highway statutes referenced above could not be used to compel a town to pay for trail maintenance and repairs, they did not prohibit towns from doing so, and thus, the court could theoretically still award some relief. The court found that this semantic argument, while perhaps true, was really just another illustration of why the case was moot. The court found that mootness was essentially conceded in the way in which the argument was framed: while the Town might

voluntarily choose to undertake maintenance work on the abandoned trail segment of TH 26, the court had no authority to require it to do so in light of 19 V.S.A. §§ 302(a)(5) and 310(c).

Petitioners next argued that the mootness ruling deprived them of their fundamental right of "common law access" to their property as recognized in Okemo Mountain, Inc. v. Town of Ludlow, 171 Vt. 201, 209 (2000). But, as petitioners recognized in quoting this case, that common law right required only that there be some form of reasonable access to the property via publicly maintained highways. The court found it doubtful that the Okemo Mountain decision intended that the courts hear and decide contested claims over whether the access afforded is not "convenient." Here, petitioners had alternative access to their property via another public road.

Petitioners also pointed to the fact, again largely conceded, that their present procedural predicament was "not of their own making," but the result of delay and scheduling decisions made by the trial court, which the Town took advantage of, and which allowed the issue of reclassification to be finally resolved before their maintenance claim could be finally adjudicated. In some nominal sense, the court explained, it might well be unfair, but the overarching principles of standing, subject matter jurisdiction, and mootness were constitutional and could not be avoided just because the results appeared harsh in a particular case. The point still did not undercut the conclusion that there was no relief at this point in time that the court could legally award to petitioners with respect to the reclassified trail segment of TH 26.

Finally, petitioners argued that dismissal of the case itself violated Article 4, Chapter 1, of the Vermont Constitution, which has been construed to require that "every person . . . ought to find a certain remedy, by having recourse to the laws, for all injuries and wrongs . . . freely . . . completely and without any denial . . . conformably to the laws." See also Jacobsen v. Garzo, 149 Vt. 205, 208 (1988) ("Free and uninhibited access to the courts is an important right of all citizens. Indeed, in Vermont this right is recognized by our fundamental law."). The court found that dismissal on the well-recognized jurisprudential grounds of mootness, and lack of subject matter jurisdiction because there was no longer any live case or controversy to be determined, fully complied with the constitutional command. The court thus denied petitioner's motion for reconsideration. This appeal followed.

Petitioners first assert that the case is not moot because: (1) the maintenance appeal was filed before the Town's 2010 reclassification effort; (2) at the time the appeal in this case was filed with the trial court, the segment was a Class 3 and Class 4 highway, which imposed statutory maintenance obligations on the Town; (3) petitioners undertook persistent good faith efforts to receive a prompt and timely hearing before the Road Commissioners; and (4) the Town's actions allowed the Town to "leap frog" the maintenance suit, which was filed first.

Our review here is de novo, Jordan v. State, 166 Vt. 509, 511 (1997), and we agree that this case is moot. Courts have authority to decide only "actual, live controversies." State v. Rooney, 2008 VT 102, ¶ 9, 184 Vt. 620 (mem.). "For this reason, a case generally becomes moot when there is no longer a live controversy, or the parties involved lack a legally cognizable interest in the outcome of the case." Id. (quotation omitted). A case must present an actual live controversy throughout the legal process. Id. "Thus, if a change in facts or circumstances nullifies our ability to grant effective relief, the case is moot." Id.

None of the "facts" identified by petitioners above undermine a mootness conclusion. It does not matter for mootness purposes that the maintenance suit was filed before the

3

reclassification suit, or that the reclassification case was decided before the maintenance case despite the "good faith efforts" of petitioners. Petitioners do not articulate, and these facts do not show in any way, that this case presents an actual live, controversy. The ultimate fact remains, as explained by the trial court, that the disputed segment of TH 26 is a trail, and the town has no legal obligation to maintain a trail. See 19 V.S.A. §§ 302(a)(5) ("Trails shall not be considered highways and the town shall not be responsible for any maintenance including culverts and bridges."), 310(c) ("A town shall not be liable for construction, maintenance, repair, or safety of trails."). Thus, there is no effective relief that a court could grant to petitioners in this case.

Petitioners next assert that they have a "statutory right of maintenance" which vested on the date they filed their maintenance suit. Petitioners analogize this case to the filing of a permit application. They assert that if a landowner files an application with a town regarding a proposed project that is allowed under current zoning bylaws, the municipality cannot deny the application by changing the zoning rules after the application is filed. Likewise, petitioners argue that a town should not be allowed to "moot" out a maintenance claim by reclassifying a road after the fact.

We reject the analogy that petitioners attempt to draw. Petitioners cite In re Paynter 2-Lot Subdivision, 2010 VT 28, ¶ 9, 187 Vt. 637 (mem.). In that case, we recognized that Vermont adheres "to the minority rule that a permit applicant gains a vested right in the governing regulations in existence when a full and complete permit application is filed." Id. (citation omitted and emphasis added). There is no parallel "vested right of maintenance" that accrues with the filing of a lawsuit to have a town maintain a road. Indeed, we note that a town has wide discretion in determining the extent to which to maintain a Class 4 road, 19 V.S.A. § 310(b). We reject the notion that petitioners acquired some type of right to an undefined level of maintenance by filing a lawsuit, and that they should consequently be allowed to avoid basic subject matter jurisdiction requirements, including the requirement that a controversy remain "live" throughout the course of a legal proceeding. This segment has been deemed a trail, and there is no legal basis on which to order the Town to maintain a trail. We reject the suggestion that the Town engaged in "gamesmanship" by reclassifying this road. As we stated in Demarest, 2013 VT 72, ¶ 19, there is no evidence that the Town acted arbitrarily in deciding to stop maintaining the road.

Finally, petitioners argue that it would be inequitable, contrary to public policy, and unconstitutional, to allow the town to avoid its maintenance obligation by reclassifying the road. They cite Okemo Mountain, Inc., 171 Vt. at 209, and Article 4, Chapter 1, of the Vermont Constitution.

We reject these arguments on the same grounds as the trial court. Petitioners believe that a more "convenient" route is available to them but the fact remains that they have not been denied access to their property; they have access to their property via a public road that is maintained by the Town. This is consistent with our holding in Okemo Mountain, Inc., 171 Vt. at 202 (holding that the plaintiff had a common-law right to access his property via a public road). As to their constitutional claim, Article 4 of the Vermont Constitution ensures "access to the judicial process" but it "does not create substantive rights." Shields v. Gerhart, 163 Vt. 219, 223 (1995). Petitioners were provided access to the judicial process here. Indeed, we expressly found it reasonable for the trial court to have stayed the maintenance case "pending resolution of the reclassification case," in recognition "that the reclassification could render the maintenance

4

issue moot." <u>Demarest</u>, 2013 VT 72, ¶ 19.  The court's decision here does not violate the Vermont Constitution.  To the contrary, a dismissal on mootness grounds recognizes that courts are constitutionally authorized to decide only "live" cases.

<u>Affirmed</u>.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice