*Paige v. State of Vermont Sec'y of State*, No. 780-12-15 Wncv (Tomasi, J., Jan. 15, 2016).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 780-12-15 Wncv |

| | |
|---|---|
| H. Brooke Paige,<br>      Plaintiff<br><br>      v.<br><br>State of Vermont,<br>Secretary of State,<br>Attorney General,<br>      Defendants | |

### Entry Order on Motion for Temporary Injunctive Relief

This matter came before the Court today for a hearing on Plaintiff's motion for temporary injunctive relief requiring the Secretary of State to take action to investigate the constitutional qualifications of certain presidential candidates and to remove those candidates who are not so qualified from the ballots that will be used in Vermont's presidential primary. Plaintiff appeared and represented himself. Defendants appeared and were represented by Assistant Attorney General Todd Daloz. After giving Plaintiff the opportunity to expand upon his original filings at the hearing and taking testimony from the Secretary of State's Director of the Elections, the Court makes the following determinations.

### Analysis

Plaintiff's motion for injunctive relief faces a high hurdle. "An injunction is an extraordinary remedy, the right to which must be clear." *Okemo Mountain, Inc. v. Town of Ludlow*, 171 Vt. 201, 212 (2000). Plaintiff's request for preliminary injunctive relief requires the Court to consider: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest." *In re J.G.*, 160 Vt. 250, 255 n.2 (1993). To establish irreparable harm, a party "must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotations omitted). In addition, the purported irreparable harm "must be shown to be actual and imminent, not remote or speculative." *Id*.

In this case, the interests of others and of the public weigh strongly against an injunction. Vermont's presidential primary is set for March 1, 2016. Petitions to

include major party candidates on the presidential primary ballots were due to be filed with the Secretary of State on January 11, 2016. By law, the Secretary is required to circulate ballots to the town clerks by today. 17 V.S.A. § 2479. The evidence at trial shows that the ballots have been finalized. The Secretary has already sent the ballots out to clerks and to out-of-state military personnel. If the Secretary (and potentially this Court) were to engage in the tasks requested by Plaintiff, it would place him out of compliance with the timing requirements of the law and would almost certainly result in a delay of Vermont's primary election. Candidates seeking this national office, their supporters, and their parties rely on the established sequence of primary elections. Vermont voters also count on and plan for the duly set election day. The Court believes that any action that threatens to disrupt and delay that contest is harmful to the citizenry and definitely not in the public interest.[1]

Plaintiff's allegation that he will suffer irreparable harm in the absence of an injunction is insufficient to overcome those important interests. Indeed, his concern that only constitutionally qualified candidates appear on the primary ballot is not particular to him but would be shared by all citizens. The fact that he has professed a desire to be a presidential primary candidate for the Republican party does not increase the nature of the alleged harm. Plaintiff, in fact, did not submit a sufficient number of signatures to qualify for the Republican primary election ballot. He has not established that placing purportedly "unqualified" candidates on the ballot somehow precluded him from obtaining the requisite number of signatures. Similarly, his contention that the inclusion of those names on the ballot would thwart his attempt to win the primary as a write-in candidate is nothing more than rank conjecture.

Lastly, Plaintiff has little chance of success on the merits of his claims. The Court notes that this Court has rejected similar causes of action brought by this same party in 2012. *See Paige v. Condos*, Docket No. 611-8-12 Wncv [the First Action]. There, the Court concluded, *inter alia*, that Plaintiff lacked standing to pursue his claims and that the political question doctrine made the case non-justiciable. (A copy of the Court's ruling dismissing the First Action is appended to this Order.) The Court adopts that same reasoning in this case with the following additional points.

First, Plaintiff's contention that he is, not just a citizen, but also a candidate for the presidency of the United States is not likely to alter the conclusion that he lacks standing to pursue his claims. In the election context, some courts have recognized the doctrine of "competitive standing," which grants standing to a

---

[1] At the hearing, Plaintiff suggested that the Secretary could cure the problem by sending out blank ballots as replacements for the current ballots. Candidates and their supporters have worked hard to have the candidates' names placed on the primary ballots. The Court believes requiring blank ballots would be unfair and prejudicial to them and would be confusing to Vermont voters.

2

competitor or her party to challenge the inclusion of candidates on an election ballot. *Drake v. Obama*, 664 F.3d 774, 782 (9th Cir. 2011). Even assuming this Court would adopt that standard, to establish standing, the competitor must have a "chance of prevailing in the election." *Id.* In this instance, Plaintiff appears to have asserted his status as a candidate primarily as a means to pursue this lawsuit. Plaintiff has not set forth facts from which the Court could conclude that he is a true "competitor" in the presidential primary. The fact that he has declared himself a write-in candidate is simply not enough to confer standing. As a number of courts have held, if such a declaration "'were sufficient, any citizen could obtain standing (in violation of Article III of the U.S. Constitution) by merely self-declaring.'" *Grinols v. Electoral College*, No. 2:12-cv-2997, 2013 WL 2294885, at *8 (E.D. Cal. May 23, 2013) (quoting *Sibley v. Obama*, No. 12–5198, 2012 WL 6603088 at *1 (D.C. Cir. Dec.6, 2012)).

Here, Plaintiff conceded at hearing that he has raised no money for his candidacy, has no website specifically dedicated to his campaign, and has no paid staff. Plaintiff indicated that he was not seeking to be and had not been added to the primary ballot in any other state, with the exception of California. Although he has qualified for the primary ballot in California, Plaintiff admitted that he was not campaigning there and had no chance of winning that state's primary. In the absence of more compelling evidence of his competitiveness for the presidency, the Court cannot conclude that he is a true competitor for purposes of standing.

Second, as Americans, we trust and rely principally on the electoral process to illuminate the qualifications of candidates for President and reveal the most favored candidate. The Twelfth Amendment to the Constitution vests Congress with the responsibility to count electoral votes, and it can refuse to count votes if it deems they have been cast for an unqualified candidate. U.S. Const. Amend. XII. Federal law sets out a clear congressional mechanism for objecting to the electoral votes for any particular candidate. 3 U.S.C. § 15. The Twentieth Amendment provides the process that is to be followed if an elected candidate for President or Vice-President is not deemed "qualified" to serve. U.S. Const. Amend. XX; *Grinols*, 2013 WL 2294885, at *6.

In the Court's view, that congressional process provides the remedy if there is a question regarding the qualifications of a candidate for President, at least in the first instance. *Accord Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1147 (N.D. Cal. 2008). Failure to follow such a path would likely lead to varied results from state courts across the country as to whether a particular candidate meets the constitutional qualifications to ascend to the presidency. Accordingly, the Court concludes that Plaintiff's Complaint likely presents a non-justiciable political question.

Plaintiff has also noted various alleged improprieties in the forms used by the Secretary in connection with the primary election and the with the Secretary's approach to counting the signatures needed to place a candidate on the ballot. The hearing evidence did show what appear to be some questionable approvals of

3

signatures by the Secretary. But, under Vermont law, unless there is reason to suspect fraud, the Secretary's role is simply to confirm that he can "identify the name of the person who signed." 17 V.S.A. § 2358(c)(1). Even if the Secretary erred in approving an occasional signature, the undisputed evidence is that presidential candidates submit two to three times the number of signatures needed to attain the ballot. The present evidence does not come close to raising a concern that any candidate was placed on the ballot without sufficient valid signatures. Plaintiff's points regarding the wording of the voter signature and candidate consent forms are worthy of consideration by the Secretary, but they are not so significant as to make the forms legally deficient. In short, Plaintiff's claims concerning the forms and the signature review also do not plainly warrant injunctive relief.

Conclusion

No doubt, Plaintiff cares deeply about the issues raised in this case, has expended significant time and energy on the arguments presented, and has impressive knowledge of our nation's history. Those attributes, while admirable, cannot be the stars that guide the Court's consideration of the legal issues in this matter.

In light of the all the foregoing, Plaintiff has failed to establish that he has a clear right to injunctive relief. Plaintiff's motion for preliminary injunctive relief is denied.

Electronically signed on January 15, 2016 at 04:01 PM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge

4