Vermont Superior Court
Filed 09/29/23
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04076

Daniel Heyde et al v. Lourdes Macias et al

### Ruling on Request for Temporary Restraining Order

This is a residential eviction action filed by Landlords Daniel Heyde and Rosa Kink against Tenants Lourdes Macias and Patrick Rogers. Landlords seek an *ex parte* temporary restraining order, Vt. R. Civ. P. 65(a), evicting Tenants from the leased premises. There is no proof of service in the record, and Tenants have not yet answered or appeared. Landlords also seek a preliminary injunction to the same effect.

Landlords represent that Tenants rent a small residential structure that they call the Tiny Home, which is next to their own residence. According to Landlords, Tenants have use of Landlords' residence for water, laundry, and toilet facilities, among others, services that are not available in the Tiny Home. The parties' relationship soured at some point after Ms. Macias became injured in the Tiny Home and sued Landlords. Landlords later asked Tenants to vacate. Landlords assert a litany of examples of the parties' current fractious and untenable relationship. They allege that they eventually provided Tenants with notice to vacate according to the terms of 9 V.S.A. § 4467(h) (termination of shared residence), and Tenants nevertheless have not vacated.

An injunction, particularly an *ex parte* one, is an "extraordinary remedy," and the plaintiff bears the burden of showing that his right to such relief is clear and that the Court should not allow the opposing party a chance to respond prior to affording the

requested relief.  *See* Vt. R. Civ. P. 65(a); *Comm. to Save the Bishop's House v. Medical Center Hosp. of Vt.*, 136 Vt. 213, 218 (1978); *Blast v. Fisher*, No. 07-CV-0567, 2007 WL 2815754, at *2 (W.D.N.Y. Sept. 20, 2007); *see also Okemo Mountain, Inc. v. Town of Ludlow*, 171 Vt. 201, 212 (2000) (discussing preliminary injunctions).

Landlords seek both a temporary restraining order and a preliminary injunction. Temporary injunctions typically are entered *ex parte*, before the opposing party has notice and an opportunity to contest them.  Vt. R. Civ. P. 65(a).  Preliminary injunctions, on the other hand, are entered only after notice and a hearing, which affords the opposing parties due process.  *See* Vt. R. Civ. P. 65(b)(1).  A request for a preliminary injunction typically seeks to advance the relief ultimately sought in the case, a final injunction, at least until the case progresses to a final judgment.  A hearing on the preliminary injunction, if appropriate, may be consolidated with the trial on the merits so that ultimate relief may be considered at an early stage of the proceeding.  Vt. R. Civ. P. 65(b)(2).  A temporary restraining order is different.  Its purpose is merely "to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction."  11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2951 (3d ed.). Though it may be entered prior to notice and a hearing in appropriate circumstances, it is truly extraordinary relief.

Landlords' request for a temporary restraining order in this case is misguided. They do not seek to maintain the status quo until a hearing can be held on their request for a preliminary injunction.  Instead, they seek the ultimate relief requested in this case—eviction—at the outset of the case without affording Tenants any due process whatsoever.  Their request is out of step with Rule 65 procedure and Tenants' due

process rights. The Court notes that their request for a preliminary injunction evicting Tenants, if granted, presumably would amount in substance to a final injunction because it is unlikely that once evicted Tenants would have any choice but to find housing elsewhere, rendering any "preliminary" relief final in effect. Further, additional proceedings typically would require hearing any potential defenses prior to court action.

## Order

For the foregoing reasons, Landlords' motion for a temporary restraining order is denied. However, the Court will fashion an expedited schedule as to the request for a preliminary injunction. First, Landlords shall serve the complaint and inform the Court when service is made. Second, Tenants shall submit a response to the motion for a preliminary injunction within seven calendar days of service. The Court then will set the matter for a prompt hearing to determine whether to issue any preliminary relief.

Dated at Montpelier, Vermont this 29th day of September, 2023.

Electronically signed pursuant to V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge