Filed 01/18/24

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00189

Protect Our Wildlife, a nonprofit 501(c)(3) organization et al v. Fish and Wildlife Board, an Agency of the State of Vermont et al

<u>Opinion and Order on Plaintiffs' Motion for a Temporary Restraining Order</u>

The Plaintiffs in this case consist of four nonprofit organizations—Protect Our Wildlife, Animal Wellness Action, Center for a Humane Economy, and Vermont Wildlife Coalition—all opposed to the Defendant Vermont Fish and Wildlife Board's recently promulgated Furbearing Species Rule, available at https://vtfishandwildlife.com/sites/ fishandwildlife/files/documents/About%20Us/Board%20Rules/New%20Rules/Hunt-Trap/2023/Final-Furbearer-Rule-clean-12.14.2023.pdf (the "Rule"). Among other things, the Rule regulates the trapping of wildlife and the taking of coyotes with the aid of dogs. Plaintiffs contend that the Rule materially deviates in several ways from the legislative intent of the statutes that required the Board to adopt it. They request that the Court enjoin Defendants from implementing the rule, and reinstate the moratorium on hunting coyotes with dogs imposed by 2021, No. 165 (Adj. Sess.), §§ 2–3 ("Act 165") (moratorium ceases once the Board's rule is promulgated).

Plaintiffs' motion faces a high bar. An injunction, particularly an *ex parte* one, is an "extraordinary remedy," and the plaintiff bears the burden of showing that his "right to relief is clear" and that the Court should not even allow the opposing party a chance to respond prior to affording the requested relief. *Comm. to Save the Bishop's House v.*

*Medical Center Hosp. of Vt.*, 136 Vt. 213, 218 (1978); *see* Vt. R. Civ. P. 65(a); *Blast v. Fisher*, No. 07-CV-0567, 2007 WL 2815754, at *2 (W.D.N.Y. Sept. 20, 2007); *see also Okemo Mountain, Inc. v. Town of Ludlow*, 171 Vt. 201, 212 (2000) (discussing preliminary injunctions).

Plaintiffs seek both a temporary restraining order (TRO) and a preliminary injunction. Preliminary injunctions are entered after notice and a hearing, which affords the opposing parties due process. *See* Vt. R. Civ. P. 65(b)(1). A request for a preliminary injunction typically seeks to advance the relief ultimately sought in the case, a final injunction, at least until the case progresses to a final judgment. A hearing on the preliminary injunction, if appropriate, may be consolidated with the trial on the merits so that ultimate relief may be considered at an early stage of the proceeding. Vt. R. Civ. P. 65(b)(2).

A TRO is different. Typically, temporary injunctions are entered *ex parte*, before the opposing party has notice and an opportunity to contest it. Vt. R. Civ. P. 65(a). Their purpose is usually "to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11A Charles Wright, *et al., Fed. Prac. & Proc. Civ.* § 2951 (3d ed.). As it is entered prior to notice and a hearing, it is truly extraordinary relief. *See id.* ("The issuance of an *ex parte* temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." (footnote omitted)).

Both types of injunctions require the Court balance a number of factors to assess the impact of granting or withholding the requested relief: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of

success on the merits; and (4) the public interest." *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19, 205 Vt. 586, 596 (internal quotations omitted); *see In re J.G.*, 160 Vt. 250, 255 n.2 (1993) (noting same).

When a party seeks a TRO, the Court also must consider the potential unfairness of acting without the benefit of legal and factual arguments from the opposing party—*ex parte* relief may violate the subject party's due process interests. *See* 11A Charles Wright, *et al., Fed. Prac. & Proc. Civ.* § 2951 (3d ed.) ("a court planning to issue a temporary restraining order must be particularly careful that the movant has produced compelling evidence of the threatened irreparable injury and has exhausted all reasonable efforts to give the adverse party notice and an opportunity to be present and introduce evidence at a hearing"). Because this proceeding thus far is *ex parte*, the Court now considers only the request for a TRO.

In this instance, Plaintiffs' submissions have not clearly convinced the Court that the exceptional remedy of an *ex parte* TRO should issue. No doubt, Plaintiffs have raised serious legal arguments supporting their view that some components of the Rule are not consistent with the legislative intent of the statutes that prompted the Board to promulgate it and that, in light of the Legislative Committee on Administrative Rules' formal objection to it, Defendants will have the burden of establishing that the Rule is consistent with legislative intent. It is not clear, however, that Defendants would be unable to carry that burden.

Moreover, the record includes no compelling demonstration of any emergency need for a TRO, which would only last until the motion for a preliminary injunction could be heard. Plaintiffs have established no concrete, imminent, and irreparable harm.

Declarations from several members of Plaintiffs describe a small number of experiences they have had in the past with coyote dogs trespassing on their private property. In one such incident, a trespassing dog is described as "charging" the property owner, though no physical injury is alleged. The Court cannot infer, based on a few such anecdotal experiences, that there is any manifest likelihood of significant trespasses by coyote dogs within a short window of time. Nor is there any compelling evidence that, if such an injury occurred, it would be irreparable.

Further, the requested TRO does not maintain the status quo. As this case comes to the Court, Plaintiffs represent that the Board has promulgated the Rule and the Department has proceeded to implement it, at least as of its January 1 effective date. Act 165 imposed the moratorium only until the Board adopted the Rule. Thus, while Plaintiffs argue that the moratorium should be reimposed because the Rule adopted does not comply with the statutes that compelled it, the current status quo is that the Rule has been adopted and is being implemented. The Court presumes that at least some members of the public have already relied upon and are engaging in the processes allowed by the Rule. Accordingly, rather than seeking to restrain Defendants for a short time to avoid irreparable injury pending an adversarial hearing, Plaintiffs' TRO request is seeking to create a new status quo. At this early stage, and without full briefing, the Court cannot conclude that the public interest and the interests of other parties clearly weigh in favor of such a request.

Nonetheless, Plaintiffs have raised significant issues going to the heart of the Rule and have alleged serious contentions that the Rule is in conflict with Vermont law. The Court believes those claims should be subject to an expedited hearing on the request for a

24-CV-00189 Protect Our Wildlife, a nonprofit 501(c)(3) organization et al v. Fish and Wildlife Board, an Agency of the State of Vermont et al

preliminary injunction, which would be determined in light of the briefing and arguments of both sides. The Court will set an expedited briefing schedule and an early hearing on the request for preliminary injunctive relief.

Conclusion

For the foregoing reasons, Plaintiffs' motion for a TRO is denied.

Plaintiffs shall serve Defendants with this action and this Order without delay. Defendants shall submit any memorandum opposing the issuance of preliminary injunctive relief by noon on January 29, 2024. Any reply memorandum shall be submitted by noon on February 5, 2024. The Court will hold an injunction hearing on Thursday, February 8, 2024, at 9:00 a.m.

Electronically signed on Thursday, January 18, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge